Desmond, J.
Petitioner, alleging that he “ is a resident, taxpayer and voter in the County of Suffolk, State of New York, and an enrolled member in the Democratic Party ”, brought this mandamus-type (Civ. Prac. Act, art. 78) proceeding against the Board of Supervisors of Suffolk County for an order to direct the board to revoke the appointment of Arthur M. Weiss as a Commissioner of Elections for the county. He prayed also that the court command the board to desist from appointing any person to the Suffolk County Board of Elections as representing the Democratic party of that county on said Elections Board, unless and until such person shall have been duly certified and recommended to the Supervisors by the Chairman of the Suffolk County Democratic Committee. The petition shows that on December 30,1958, the day before the expiration of his term, one Havens, the incumbent Election Commissioner representing *380 the Democratic party in Suffolk County, resigned, creating a vacancy. On February 16, 1959 the Board of Supervisors appointed or attempted to appoint Arthur M. Weiss to the Board of Elections as the Democratic member although the name of Weiss had never been certified to the Board of Supervisors by the County Chairman of the Democratic Committee. The answering papers show—and it is undisputed — that prior to January 2,1959 the Chairman of the Suffolk County Democratic Committee, Adrian Mason, had certified and recommended himself to the Board of Supervisors pursuant to section 52 of the Election Law as a fit and proper person to be appointed a Commissioner of Elections representing the Democratic party. On January 2, 1959 the Board of Supervisors voted on this recommendation but unanimously rejected it. On three later occasions County Chairman Mason resubmitted his name and three times the Board of Supervisors unanimously rejected it. Chairman Mason stated publicly that he would continue to recommend himself and no one else for the position of Commissioner of Elections. On February 16, 1959 the Board of Supervisors, on motion of a Democratic member, appointed Arthur M. Weiss, an enrolled Democrat, to fill the vacant position although the name of Weiss had not been submitted by the Chairman of the Democratic County Committee as required by subdivision 2 of section 52 of the Election Law. Meanwhile, William F. Ahern, the same citizen and enrolled Democratic party member who later brought this present proceeding, had brought an injunction action against the other (Bepublican) Commissioner of Elections and against other county officials alleging, in substance, that the Board of Elections had no legal existence and could not function and was not authorized to function since one member only was in office. In that injunction action, on January 22, 1959, a Supreme Court Justice granted a temporary stay which was afterwards vacated (see 7 A D 2d 546).
This present article 78 proceeding came on for argument at Special Term on the petition, answer and various exhibits. That court wrote an opinion in which it held: first, that mandamus was an appropriate remedy since there were no disputed facts; second, that the Board of Supervisors had acted without power in appointing Weiss without a recommendation from the Democratic County Chairman, and, third, that the resolution appointing Weiss was void.
*381 The Board of Supervisors appealed to the Appellate Division, Second Department, which by a divided vote reversed the order below on the law and facts and dismissed the proceeding. The Appellate Division order refers to and incorporates the court’s opinion. That opinion says that the petition should be dismissed “asa matter of law or, in view of the nature of the legal questions presented and the factual situation disclosed, as a matter of discretion.” The point of law on which the Appellate Division reversed was that petitioner, in his individual capacity as a taxpayer, resident and voter, had no clear legal right to enforce and that, accordingly, he had no right to bring a mandamus proceeding. The Appellate Division majority refrained from passing on the underlying legal question as to whether the Board of Supervisors can under any circumstances appoint an Election Commissioner not recommended by the County Chairman. The dissenters in the Appellate Division were of the opinion that mandamus was an appropriate remedy, that the Board of Supervisors acted beyond its powers and that the mandamus order was validly granted by the court below.
In the majority Appellate Division opinion there are set forth the reasons which inclined the court to say that, aside from questions of law, the situation was such as to move the court to exercise its discretion in striking down the mandamus order. The Appellate Division majority pointed out that if the appointment of Weiss were held invalid there would be in office in Suffolk County a single Election Commissioner without any right or power to perform the board’s duties and that this situation might ‘ ‘ result in a complete breakdown of the public service performed by the Board of Elections, and the consequent disenfranchisement of the voters of Suffolk County.” The Appellate Division went on to say that mandamus is an extraordinary remedy, the issuance of which is to a great extent discretionary and that the courts are reluctant to issue it if disorder and confusion in public affairs would result, even in cases where there might be considered to be a strict legal right to enforce. That latter language and thought were taken from Matter of Andresen v. Rice (277 N. Y. 271, 282), where our court, although holding that noncompetitive appointment of State police officers was unconstitutional, refused to remove the officers theretofore illegally appointed or to go further than to declare that future appointments must be from competitive examination lists.
*382 In another part of the majoriity opinion in the present case, the Appellate Division held that the question as to whether the Board of Supervisors could ever under any circumstances appoint a person not certified by the party Chairman should not be decided on a record like the present one but “ may be better decided after all the facts are presented and determined ”.
It is completely clear here that the Appellate Division not only said but meant that its reversal was not only on the law (that is, that petitioner had no standing) but was, in addition and alternatively, an exercise of the court’s discretion because of the damage to the public interest which might result from a mandamus order and, also, because this record does not fully set forth all the facts that might be pertinent to a determination of the question of whether the circumstances were such as to make it possible for the Supervisors to appoint an Election Commissioner not recommended by the County Chairman. This reversal and dismissal of the petition may not be held by us to have been an abuse of discretion. The Appellate Division was at pains to point out that the underlying questions of law and perhaps of fact could be determined in a quo warranto action in which the claimant Weiss could be made a party. He has not been made a party in the present mandamus proceeding.
Since, therefore, the reversal in the exercise of discretion was a proper one, we do not reach the question as to whether the Appellate Division’s reversal, insofar as it is on the law, is likewise correct.
The order should be affirmed, without costs.