A. Franklin Mahoney, J.
Petitioner, on behalf of himself and all other taxpayers of the County of Albany, seeks an order prohibiting and restraining the County Treasurer of the County of Albany from expending funds for the payment of salaries of Howard Alpert and George Scaringe as Commissioners of Election of that county, it being petitioner’s contention that the aforenamed individuals were appointed pursuant to a law that violates this State’s Constitution.
Prior to this year subdivision 1 of section 30 of the Election Law provided that in all counties having a population in excess of 125,000 the Board of Elections shall consist “ of two or four commissioners of elections as the board of supervisors, by resolution, may determine, to be appointed by the board of supervisors. Not more than two commissioners, if the board consist of four members * * * shall belong to the same political party.” Chapter 389 of the Laws of 1971, effective June 7,1971, amended subdivision 1 of section 30 of the Election Law so as to add the following: “Provided, however, that if such county legislative body shall fail or refuse to appoint any person recommended for appointment as a commissioner in accordance with the provisions of section thirty-one of this chapter, within thirty days from the date of the filing of such recommendation with the county legislative body, then the commissioner shall be appointed by the members of such county legislative body who are of the same political party as is the committee chairman who made and filed such recommendation.” On June 25, 1971 Joseph Frangella, Chairman of the County Committee of the Republican Party of the County of Albany, filed with the Albany County Legislature certifications, pursuant to section 31 of the Election Law, naming Howard Alpert and George Scaringe as fit and proper persons to be appointed Commissioners of Election. On August 5, 1971, more than 30 days after such filing, the majority, members of the County Legislature having failed to appoint the recommended individuals, the minority members appointed the above-named individuals as election commissioners and they took and filed their oaths of office on August 6, 1971.
It is the position of the petitioner that the aforequoted amendment violates article IX (§ 1, subd. [b]) of the New York State Constitution in that it empowers, minority membership of a local legislative body to act in a manner contrary to the fundamental and basic constitutional precept of government by the majority. Article IX (§1, subd. [b]) of our State Constitution provides, “All officers of every local government whose election or appointment is not provided for by this constitution shall be elected by the people of the local government, or some divi *491 sion thereof, or appointed by such officers of the local government as may be provided by law.” This section of our Constitution has been subject to judicial review on many occasions and it has been uniformly held that its obvious purpose was to secure to the people of the cities, towns and villages of the State the right to have local offices administered by officers selected by them. It was designed and intended by the drafters to insure the perpetuation of local self-government without interference from the State. The thrust of the constitutional article under discussion is to give to each of the governmental units of the State, no matter its size, the right to choose those who will govern them and this basic right cannot be taken from them by any act of the Legislature. The amendment to subdivision 1 of section 30 of the Election Law is the more offensive since it is designed to affect a particular local situation. This court would be naive, indeed uninformed of local matters affecting its daily labors, if it confessed to be unaware of the fact that several fruitless attempts were made to have the same individuals appointed to the election board under the unamended law. Looked at in this light the amendment (L. 1971, ch. 389) is not a law for all time but an expedient to correct what the Legislature feels is a local wrong. In my view such corrective legislation is without merit, particularly when it carries within itself the potential of excluding and prohibiting from participation in the selection of half the members of the election board all majority members of the legislative body charged by the Constitution with the responsibility of appointing local officers. If given effect the amendment not only disrupts, it destroys the County Legislature as a deliberative body because it compels, under the circumstances obtaining herein, a distribution of that body’s deliberative powers between two unequal fragments of the whole body. Any officer chosen in this manner would not be a representative of the people. Such officer would be the representative of a minority, even possibly the representative of a single legislator. Such officer in the language of section 1 of article IX of our State Constitution must be appointed by the local body and nothing less will satisfy the constitutional mandate. Clearly, any attempt on the part of the Legislature to eliminate the appointing power of the local legislative body, constitutionally charged with the power of appointment, in such a way that the divided parts act independently of each other Avith respect to the choice of local officers, violates both the spirit and letter of the State Constitution and must be judicially stricken down. To hold otherwise would be a recognition that a minority, or even a single member, of the Albany County *492 Legislature, is a body within the meaning and intent of the Constitution. It would result in granting to a minority powers equivalent to those of the majority and, possibly, even giving to a few legislators a vote as potent as that of a dozen or more legislators. (Rathbone v. Wirth, 150 N. Y. 459, 491.)
The petition is granted to the extent that the amendment to subdivision 1 of section 30 of the Election Law (L. 1971, ch. 389) is declared to be unconstitutional and the appointments made to the Board of Elections of the County of Albany on August 5, 1971, pursuant to such amended law, are null and void.