OPINION OF THE COURT
Leonard A. Weiss, J.
I. INTRODUCTORY QUESTION AND BACKGROUND
Does a county legislature have the authority to appoint a commissioner of elections under subdivision 4 of section 3-204 of the Election Law where the certificate of party recommendation described in subdivisions 1 and 3 of section 3-204 of the *936 Election Law is filed, but subsequently determined to be invalid?
Movants (all of the defendants, except the New York State Board of Elections against which this action has been discontinued by stipulation and separate order) move under CPLR 3211 and 3212 for an order (1) to dismiss the complaint of plaintiffs Charles W. Ryan (who was Albany County Democratic Election Commissioner prior to the designation of Raymond J. Kinley, Jr., who is currently holding the election commissioner office to which defendant Kinley was designated, and who is a member of Albany County Democratic Committee), Charles W. Ryan, Jr., (Albany County Democratic Committee member), and William M. McNulty (currently serving as an Albany County Legislator), (2) to grant defendants’ motion for summary judgment declaring the Albany County Legislature’s appointment of Raymond J. Kinley, Jr., as Democratic Commissioner of Elections by Resolution No. 319 adopted December 19, 1978 valid, and directing Charles W. Ryan to vacate the office of Democratic Commissioner of Elections, and (3) to vacate the temporary restraining order issued on December 30, 1978 by Mr. Justice Pitt of this court which prevents Raymond J. Kinley, Jr., from assuming the Albany County Democratic Election Commissioner office, until January 12, 1979, the date a hearing was set on the preliminary injunction sought by plaintiff Charles W. Ryan.
Plaintiffs-cross-movants, Charles W. Ryan, Charles W. Ryan, Jr., and William M. McNulty seek CPLR 3212 summary judgment declaring (1) the appointment of Raymond J. Kinley, Jr., as Democratic Election Commissioner for Albany County pursuant to that county legislature’s Resolution No. 319 for 1978 invalid, (2) permanently enjoining Raymond J. Kinley, Jr., from taking office as Albany County Democratic Election Commissioner, and (3) declaring that Charles W. Ryan hold over as Albany County Democratic Election Commissioner.
The undisputed events preceding this motion are as follows:
1. On December 16, 1976 the Albany County Democratic Party Executive Committee by majority vote recommended Charles W. Ryan to the Albany County Legislature as its nominee for appointment to the office of Democratic Commissioner of elections for Albany County for a term commencing January 1, 1977.
2. Charles W. Ryan was reappointed by the Albany County *937 Legislature to fill the election commissioner office for a two-year term from January 1, 1977 to December 31, 1978.
3. On November 28, 1978 the Clerk of Albany County Legislature received from the chairmen of the Albany County Democratic and Republican committees certificates recommending Raymond J. Kinley, Jr., and George P. Scaringe, respectively be appointed to offices of election commissioner for their respective parties for a two-year term to commence January 1, 1979.
4. By memorandum decision dated December 5, 1978 Mr. Justice Pitt of this court ruled the Democratic certificate of recommendation null and void, and temporarily restrained the Albany County Legislature from acting upon said certificate until a preliminary hearing could be held on the action for a permanent injunction commenced by plaintiffs.
5. On December 19, 1978 the Albany County Legislature adopted Resolution No. 319 which recognized that certificates of recommendation issued by both the Democratic and Republican County Committees were invalid for noncompliance with subdivision 3 of section 3-204 of the Election Law; that the certificates of recommendation on which the 1977 through 1978 appointments to election commissioner posts were also invalid; that Justice Pitt’s temporary restraining order prevented the county legislature from acting on the Democratic certificate of recommendation but did not prohibit the county legislature from proceeding with appointment of county election commissioners under other provisions of section 3-204 of the Election Law; and that notwithstanding legal defects in the recommendation process the county legislature could proceed to select county election commissioners under authority of subdivision 3 of section 3-204 of the Election Law and the mandate of section 8 of article II of the New York State Constitution. Exercising that authority the county legislature proceeded to appoint Raymond J. Kinley, Jr., and George P. Scaringe to the respective posts of Albany County Democratic and Republican Election Commissioners, each for a two-year term from January 1, 1979 to December 31, 1980 each at a salary $10,700 per annum.
6. By decision, dated December 27, 1978, Mr. Justice Pennock (a) continued Justice Pitt’s order restraining the Albany County Legislature from acting on the Democratic certificate of recommendation, but found the restraining order academic because the Albany County Legislature did not make its *938 appointment on the basis of the certificate; (b) refused to enjoin the Albany County Legislature from appointing a commissioner of elections on the grounds the court lacked jurisdiction to enjoin a legislative act; (c) refused to enjoin the Albany County Democratic Committee from recommending another election commissioner because the court found no legal controversy pending concerning a second recommendation; (d) adhered to Justice Pitt’s holding the certificate of recommendation by the Albany County Democratic Committee invalid; (e) refused to declare Charles W. Ryan as a "hold-over” because there was no statutory authority for designating him as a "hold-over” during a period when he is a de jure office holder; and (f) refused to grant the order requested by the Albany County Legislature for an order declaring the election commissioner appointments valid because the court did not have jurisdiction over all the parties.
7. On December 30, 1978 Mr. Justice Pitt, after hearing, signed a temporary restraining order preventing Raymond J. Kinley, Jr., from assuming the office of Democratic Election Commissioner until January 12, 1979.
II. PARTIES LEGAL CONTENTIONS
Defendants contend that regardless of whether the recommendation procedures in subdivisions 1 and 3 of section 3-204 of the Election Law results in a legally valid recommendation or not, a county legislature has the legal authority to designate election commissioners under subdivision 4 of section 3-204 of the Election Law, and section 8 of article II and subdivision (b) of section 1 of article IX of the New York Constitution.
Plaintiffs contend that the intent of the New York State Legislature in the 1976 amendment to section 3-204 of the Election Law (L 1976, ch 234, § 9) which dealt with appointment of commissioners in the instance where no recommendation was filed by the county committee, was that in the absence of a valid recommendation before it, a county legislature cannot act. Plaintiffs contend that since there was no valid recommendation before the Albany County Legislature, it could not lawfully designate Raymond J. Kinley, Jr., as the Democratic Commissioner of Elections.
III. DECISION
Initially, it is apparent to the court that there are no triable issues of fact existing. Moreover upon oral argument the parties concurred in this finding. According to CPLR 3212 *939 (subd [b]) the motion shall be granted upon all the papers and proof submitted, the same being deemed sufficient to warrant the court, as a matter of law, to direct judgment in favor of any party.
A literal reading of section 8 of article II and subdivision (b) of section 1 of article IX of the New York Constitution and section 3-204 of the Election Law reveals that the paramount purpose of these sections is to give a county legislature the right to select bipartisan election commissioners preferably from among designees selected by majority vote of their county political committees. Where a recommendation of a county political committee is not properly made, then subdivision 4 of section 3-204 of the Election Law gives the members of the county legislative body who are members of the political party which filed the recommendation certificate required by subdivision 1 of section 3-204 of the Election Law, the right to appoint the election commissioner within 30 days after the filing of a certificate of recommendation from their particular party with such legislative body.
The court derives this interpretation from the words italicized in statutes set forth below in their entirety. (Note the use of the word "shall” which this court interprets as directive rather than permissive.)
(i) Section 8 of article II of the New York Constitution [Bipartisan registration and election boards].
"All laws creating, regulating or affecting boards or officers charged with the duty of registering voters, or of distributing ballots to voters, or of receiving, recording or counting votes at elections, shall secure equal representation of the two political parties which, at the general election next preceding that for which such boards or officers are to serve, cast the highest and the next highest number of votes. All such boards and officers shall be appointed or elected in such manner, and upon the nomination of such representatives of said parties respectively, as the [New York State] Legislature may direct. Existing laws on this subject shall continue until the legislature shall otherwise provide. This section shall not apply to town, or village elections.” (Italics added.)
(ii) Subdivision (b) of section 1 of article IX of the New York Constitution.
"All officers of every local government whose election or appointment is not provided for by this constitution shall be elected by the people of the local government, or of some *940 division thereof, or appointed by such officers of the local government as may be provided by law.” (Italics added.)
Any attempt by a legislature to eliminate appointing power of a local legislative body, constitutionally charged with power of appointment, in such a way that the divided parts act independently of each other with respect to choice of local officers has been held to violate letter and spirit of this section. (Alvaro v Barr 67 Misc 2d 489.)
(iii) Section 3-204 of the Election Law.
"§ 3-204. Election commissioners; appointment.
1. At least thirty days before the first day of January of any year in which a commissioner of elections is to be appointed, the chairman or secretary of the appropriate party county committee shall file a certificate of party recommendation with the clerk of the appropriate local legislative body.
"2. Party recommendations for election commissioner shall be made by a majority vote of the county committee.
"3. The certificate filed shall be in such form and contain such information as shall be prescribed by the state board of elections.
"4. Commissioners of election shall be appointed by the county legislative body, or in the city of New York, by the city council. Provided, however, that if a legislative body shall fail to appoint any person recommended by a party for appointment as a commissioner pursuant to this section, within thirty days after the filing of a certificate of recommendation with such legislative body, then the commissioner shall be appointed by the members of such legislative body who are members of the political party which filed such certificate.
"5. If at any time a vacancy occurs in the office of any election commissioner other than by expiration of term of office, such vacancy shall be filled as herein provided for the regular appointment of a commissioner except that a person who fills a vacancy shall hold such office during the remainder of the term of the commissioner in whose place he shall serve.” (Italics supplied.)
In this case, the county legislature received recommendation certificates for election commissioner offices from both the Democrat and Republican County Committees on November 28, 1978 which were not in the form prescribed by the State Board of Elections. The court finds that in this situation, the county legislature was required to act as required by subdivi *941 sion 4 of section 3-204 of the Election Law, and appoint election commissioners within 30 days. The appointments made by the county legislature on December 19, 1978 by Resolution No. 319 complied in both time and manner with the appointment process set forth in subdivision 4 of section 3-204 of the Election Law.
Given that the county legislature complied with the applicable statute in making the election commissioner appointments, there appears to be no basis in law for this court to hold the county legislature acted improperly.
As requested by plaintiffs-cross-movants during oral argument, the court has studied the three opinions in Matter of Ahern v Board of Supervisors of County of Suffolk (6 NY2d 376, affg 7 AD2d 538, revg 17 Misc 2d 164). The Court of Appeals majority in Ahern (6 NY2d, at pp 381, 382) said it was affirming the Appellate Division, Second Department, majority opinion which reversed the Supreme Court opinion solely on the question of standing. The petitioner in Ahern was a taxpayer unlike the petitioner here who is a de facto holdover election commissioner. The point raised by plaintiffs-cross-movants on oral argument that the Supreme Court decision by then Mr. Justice Meyer is law of the case on the point that the Board of Supervisors of Suffolk County acted without power in appointing a person to the office of election commissioner who was not recommended by the Democratic County Chairman does not appear applicable in this case where the Albany County Legislature appointed election commissioners who were also chosen by their respective party chairmen. Another reason this court is reluctant to rely on plaintiffs-cross-movants’ statement that Justice Meyer’s holding in Ahern is applicable to this case is that subdivision 4 of section 3-204 of the Election Law gives the members of the county legislature who are members of the political party which failed to give a proper recommendation the right to appoint an election commissioner, and does not restrict the choice of commissioner to a person recommended by the county chairman or the county political committee. If the New York Legislature wished to so restrict a county legislature’s choice in appointing election commissioners where invalid recommendation certificates are issued by the county political committee it would have so provided in subdivision 4 of section 3-204 of the Election Law. The absence of language restricting the county legislature’s appointing authority *942 means there is no such restriction where the county political committee has failed, for whatever reason, to file a valid recommendation certificate as required by subdivisions 1 to 3 of section 3-204 of the Election Law. The court makes this observation recognizing again for emphasis that the Albany County Legislature acted in accordance with the mandate of subdivision 4 of section 3-204 of the Election Law.
The Court of Appeals majority in Ahern (6 NY2d, at p 382) also expressed its opinion that the Appellate Division, Second Department, majority "was at pains to point out that the underlying questions of law and perhaps of fact could be determined in quo warranto action in which the claimant * * * could be made a party” in determining the Appellate Division majority did not abuse its discretion. Given that statement, there would appear to be some question as to whether injunctive relief directing the removal of even a concededly improperly appointed election commissioner is proper where the possibility exists that the office would be vacant for any period of time. If this court is to hold it has the power to order removal of an invalidly appointed election commissioner, it must also recognize that the Republican appointee would at some future time also be subject to removal with no second person holding over to fill the election commissioner post. The absence of an election commissioner for any time period would seriously disrupt the functioning of a board of elections, and for this practical reason, in addition to the legal reason that section 3-204 of the Election Law contains procedures which suggest a vacancy in the office of election commissioner is to be avoided if possible, lend further support to the view that the action taken by the Albany County Legislature was both lawful and appropriate. Given that the county legislature acted in accordance with the Election Law in this case, there is no basis for any of the relief requested by plaintiffs-cross-movants in their complaint regardless of the form of the proceeding.
In holding that the Albany County Legislature acted in accordance with subdivision 4 of section 3-204 of the Election Law in its appointment of Raymond J. Kinley, Jr., as Democratic Election Commissioner, this court has considered in addition to Ahern (supra) the following cases, Matter of Thomas v Wells (288 NY 155 [which held that the Essex County Board of Supervisors acted properly in appointing a person to be Democratic election commissioner other than the *943 person "nominated” by the Essex County Democratic Committee]); and Matter of Northrup v Kirwan (88 Misc 2d 255, affd 57 AD2d 699 [where the court refused to set aside the appointment of an election commissioner by Democratic members of the Monroe County Legislature made in accordance with the Election Law]). Nothing in these cases suggests that section 3-204 of the Election Law procedure for selection of election commissioners is improper.
There being no triable issues of fact raised by the pleadings and no legal basis for the relief sought in the complaint, the defendants’ motion to dismiss the complaint and motion for summary judgment is granted. Plaintiffs’ cross motion for summary judgment together with the relief sought therein is in all respects denied, and the temporary restraining order in effect to the date of this decision is dissolved.