## (September 18, 1981)

■ In the Matter of JOSEPH F. LISA, Respondent, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Appellant. IRVING SCHWARTZ, Respondent, v NEW YORK CITY BOARD OF ELECTIONS, Appellant. — In proceedings pursuant to CPLR article 78 to compel the Board of Elections of the City of New York to conduct the Democratic Party primary elections for the 34th Councilmanic District, Queens County, and for the office of District Attorney of Queens County, the appeal is from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated September 9, 1981, which granted the petitions and ordered that the elections in question be held as scheduled on September 10, 1981. Appeal insofar as it pertains to the Schwartz proceeding dismissed, without costs or disbursements. Judgment otherwise modified, on the law, by adding thereto a provision that the Democratic Party primary election for the 34th Councilmanic District shall proceed on September 22, 1981 only in the event that the United States Attorney General or District Court of the District of Columbia approves certain council and election district changes before that date. As so modified, judgment otherwise affirmed, without costs or disbursements. This appeal is from a judgment in the nature of mandamus which directed the New York City Board of Elections to conduct, as mandated by section 13-102 of the Election Law (L 1981, ch 125, § 1) the primary election set for September 10, 1981, for the public offices of Council Member, 34th Councilmanic District, Queens County, and District Attorney of Queens County. On September 8, 1981, in *Herron v Koch* (81 Civ 1956 [US Dist Ct]), a special three-Judge court sitting for the Southern and Eastern Districts of New York enjoined the holding of any primaries in New York, Kings and Bronx Counties because certain council and election district changes had not been "precleared" with the District Court for the District of Columbia or the United States Attorney General, as required by the Voting Rights Act. The city's attempts to stay the order were unsuccessful, and therefore the appellant decided to cancel all primaries within the city. Petitioner Schwartz is a Democratic Party candidate for the borough-wide office of District Attorney, Queens County. Subsequent to the argument of this appeal, the Legislature rescheduled the primary election for city-wide and borough-wide offices for September 22, 1981 (see Election

Law, § 13-102, as amd by L 1981, ch 1013). Accordingly, we dismiss Schwartz' petition as academic. Petitioner Lisa is a candidate for the nomination, as a Democratic Party candidate, for the office of City Council Member for the 34th Councilmanic District in Queens, one of two newly created districts. Pursuant to legislation enacted after oral argument, councilmanic primary elections are also scheduled to be held on September 22, 1981 (Election Law, § 13-114). However, as noted above, councilmanic elections for New York, Kings and Bronx Counties cannot be held in the absence of Federal approval. Mandamus will only lie "when it is established that some person has a clear legal right which he is entitled to enforce, and that a ministerial officer, whose duty it is to enforce the right or otherwise to act in furtherance thereof, has refused to perform his duty. It is used to enforce an administrative act positively required to be done by provision of law" *(Matter of Ahern v Board of Supervisors of County of Suffolk,* 7 AD2d 538, 542, affd 6 NY2d 376). Here, petitioner Lisa has not established a clear legal right. The statute contemplates a single councilmanic primary election for the City of New York. The Federal court injunction has rendered appellant unable to comply with the statute. The statute does not prescribe what should be done if literal compliance is not possible. Petitioner Lisa urges a particular solution (an immediate election in Queens County for Council Member from the 34th Councilmanic district). However, appellant (and the State Legislature by implication) has determined that another course of action is preferable in the public interest (one city-wide election for all councilmanic positions* when the redistricting plan receives Federal approval). In the event such approval is given before September 22, 1981, the election may be held on that date in accordance with section 13-114 of the Election Law. If such approval is not given, it will be incumbent upon the Legislature to set a new date upon the receipt of Federal approval. Mollen, P. J., Damiani, Gibbons, Thompson and Bracken, JJ., concur.

## (September 21, 1981)

* Except for borough-wide at-large seats (see Election Law, § 13-106).