OPINION OF THE COURT
Harold J. Hughes, J.
Petitioner seeks judgment pursuant to CPLR article 78 compelling respondents to comply with a decision of a hearing officer which directed a reduction of the assessment of petitioner’s real property and a refund of the excess taxes paid by him in 1983. Respondents cross-move for permission to commence a third-party proceeding against the hearing officer.
Petitioner purchased real property in the Town of Green-ville for the sum of $38,084. The property consists of an abandoned camp which petitioner is renovating to a one-family residence. During the renovation process petitioner has resided with his parents. The 1983 real property tax assessment was $21,200. Petitioner filed a complaint with the Board of Assessment Review for the Town of Greenville and on June 30,1983 the Board reduced the assessment to $18,650. Still dissatisfied, petitioner filed a petition for a small claims assessment review. The decision rendered by *55 the hearing officer in the small claims assessment review gives rise to this litigation.
Title 1-A of the Real Property Tax Law was added by chapter 714 of the Laws of 1982 and is entitled “Special Proceeding for Small Claims Assessment Review”. Section 729 sets forth the definitions of the key words used in the act. Section 730 directs the Chief Administrator of the Courts to establish a small claims assessment review program in the Supreme Court and generally sets forth the procedure to be followed in commencing a small claims proceeding. The jurisdictional prerequisites are set forth in the following language: “An owner of real property claiming to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive may file a petition for review pursuant to this article provided that: (1) the property owner shall have first filed a complaint pursuant to section five hundred twelve or section fourteen hundred eight of this chapter or the provisions of a local law or charter providing for administrative review of assessments; (2) the property is improved by a one, two or three family owner-occupied structure used exclusively for residential purposes other than property assessed pursuant to article nine-B of the real property law; (3) the total anticipated reduction in all taxes and special ad valorem levies does not exceed seven hundred fifty dollars; and (4) the petition shall not request an assessment lower than that requested in the complaint filed pursuant to section five hundred twelve or fourteen hundred eight of this chapter or the provisions of a local law or charter providing for administrative review of assessments”. (Real Property Tax Law, § 730, subd 1.)
Section 731 of the Real Property Tax Law directs the Chief Administrative Judge to appoint a panel of small claims hearing officers and sets forth the hearing officers’ qualifications and manner of payment. Section 732 sets forth the procedure to be followed during the hearing and provides that the hearing be held within 30 days after the filing of the petition and directs that the proceeding be conducted in an informal manner so as to do substantial justice between the parties according to the rules of substantive law. Section 733 directs the hearing officer to *56 issue a written decision within 30 days after completion of the hearing. Of particular importance in this case is subdivision 3 of section 733 which provides in pertinent part that: “If the hearing officer determines that the petitioner did not qualify for review pursuant to section seven hundred thirty of this title, the petition shall be denied without prejudice and the petitioner, notwithstanding any other provision of law, shall be permitted to commence a proceeding pursuant to title one of this article within thirty days after having been served with a certified copy of the decision; provided, however, that the petitioner may, with the consent of the hearing officer, amend the petition to reduce the amount of relief sought so as to conform with the requirements of section seven hundred thirty of this title”.
Section 733 directs the hearing officer to mail a copy of his decision to the petitioner, the clerk of the assessing unit and, in addition, in subdivision 5 directs: “The hearing officer shall promptly transmit the decision to the clerk of the court, who shall file and enter it in accordance with the rules promulgated pursuant to section seven hundred thirty-seven of this title.”
Section 734 is entitled “Refund of taxes resulting from small claims assessment review” and provides in pertinent part: “If in a final order in any proceeding under this title, it is determined that the assessment reviewed was excessive or unequal pursuant to section seven hundred thirty of this title and ordered or directed that the same be corrected and such order is not made in time to enable the assessors or other appropriate officer, board or body to make a new or corrected assessment prior to the imposing of any tax or special ad valorem levy upon the real property the assessment of which has been determined to be excessive or unequal, then any amount at any time collected upon such excessive or unequal assessments shall be refunded within ninety days of such decision in the same manner as provided for in section seven hundred twenty-six of this chapter or as is otherwise provided by law with respect to Nassau and Suffolk counties, provided, however, that no application need be made by the petitioner for such refund. The notice of the hearing officer to the clerk of the tax *57 district shall constitute an application for refund for the purpose of this section. Where a refund is not made within ninety days, interest in the amount of one percent per month shall be added to the amount to be refunded for each month or part thereof in excess of ninety days and paid to the petitioner.”
Section 735 provides that there shall be no transcript of the testimony taken at the hearing, and that the decisions of the hearing officers have no value as precedent. Section 736 provides that by commencing a small claims real property assessment review proceeding a petitioner has waived the right to commence a full-blown review proceeding under title 1 of article 7 of the Real Property Tax Law, and further provides that only a petitioner, and not the respondents, may seek judicial review pursuant to CPLR article 78. Section 737 directs the Chief Administrator of the Courts to adopt such rules of practice and procedure as are necessary to implement the legislation. Section 738 of the act directs the State Board to determine a residential assessment ratio for each assessing unit throughout the State to be used in the small claims assessment review process and sets forth a methodology to arrive at the ratio.
By administrative order dated January 11, 1982 the Chief Administrator of the Courts established interim rules to govern special proceedings for small claims assessment review. Of importance in this case is section 5 of the order which governs the decision and order of the hearing officer and provides:
“(a) The decision and order of the hearing officer shall be set forth on, or attached to, the petition form in conformance with that form.
“(b) The hearing officer promptly shall transmit one copy of the petition with the attached decision and order, by ordinary mail, to the petitioner, the clerk of the assessing units relying on the assessment and the assessment review clerk of the court.
“(c) The assessment review clerk shall file the petition and the attached decision and order with the county clerk.
“(d) The assessment review clerk shall make additional copies of the petition and the attached decision and order, *58 as necessary, and shall transmit a copy to the clerk of each tax district named in the petition.”
In this case, upon petitioner’s filing of his petition for small claims assessment review, the chairman of the Town of Greenville Board of Assessment Review wrote to petitioner’s counsel advising that petitioner was not eligible for small claims assessment review since he did not reside at the property and thus it was not owner-occupied. At the hearing, respondents urged the hearing officer to find that he lacked subject matter jurisdiction since the parcel was not an owner-occupied one, two or three family residential structure and that the total reduction - in real property taxes sought by petitioner would exceed $750. The hearing officer rejected the respondents’ argument and issued a decision reducing the assessment from $18,650 to $5,900. The effect of this reduction of assessment was to reduce petitioner’s real property taxes for the 1983 tax year by the amount of $2,247.82. Upon receipt of the decision, petitioner sought a refund of the overpayment of taxes, return of his $25 filing fee, and correction of the assessment roll to reflect the figure found by the hearing officer. Respondents have refused to comply with the decision of the hearing officer.
Petitioner’s position is that he has prevailed in the small claims proceeding and is entitled to a judgment from this court compelling respondents to comply with the hearing officer’s decision. Respondent’s positions are as follows: (1) the hearing officer’s decision is void since he lacked subject matter jurisdiction in that the real property was not an owner-occupied one, two or three family residential dwelling and the tax reduction sought by petitioner exceeded $750; (2) the hearing officer acted in excess of his jurisdiction, committed an error of law, acted arbitrary and capriciously, and his decision was not supported by substantial evidence; and (3) respondents should be given permission pursuant to CPLR 401 to commence a third-party proceeding against the hearing officer.
Respondents’ arguments are quickly disposed of. Subdivision 3 of section 733 of the Real Property Tax Law manifests that the Legislature intended that the hearing officer is to make the determination as to whether the *59 petitioner meets the qualifications for review set forth in section 730. In section 736 of the Real Property Tax Law, the Legislature gave the right to court review solely to petitioners, thus precluding respondents from seeking judicial review of the determinations of hearing officers. Accordingly, this court cannot add the hearing officer as a party, nor consider the respondents’ contentions that he acted in excess of his jurisdiction, in an arbitrary and capricious manner, and without substantial evidence supporting his decision. It is obvious that the hearing officer’s determination as to whether he had jurisdiction is erroneous since the property involved was not owner-occupied and the tax reduction sought far exceeded $750. However, the Legislature clearly intended the hearing officer’s determination, even if erroneous, be final and not reviewable by this court at the behest of tax districts.
The issue is how can petitioner enforce the hearing officer’s decision. The answer is found in the interim rules of the Chief Administrator of the Courts and in section 734 of the Real Property Tax Law. The previously quoted section 5 of the Chief Administrator’s order directs that the determination of the hearing officer is a decision and order and must be filed with the county clerk and forwarded to the clerk of each tax district named in the petition. Here, the hearing officer omitted the word “order” from his determination of October 21, 1983. This is a mere oversight, and pursuant to the rules of the Chief Administrator the determination is a decision and order. Section 734 of the Real Property Tax Law sets forth the procedure to be followed by local tax officials in complying with final orders of hearing officers with respect to correcting the assessment and making refund of any overpayment. The duties of the local tax officials under section 734 are strictly ministerial, and the Legislature obviously contemplated that local tax officials would abide by the law. The expectation has not come to fruition as these respondents, and, apparently, many local tax officials across the State, are simply ignoring the decisions and orders of the hearing officers.
The situation cannot be tolerated. The procedure set up by the Legislature cannot be permitted to become an *60 exercise of futility wherein successful taxpayers have no way of compelling recalcitrant respondents to comply with the law. The remedy is a proceeding such as this one in the nature of mandamus for a judgment of the court compelling respondents to comply with the hearing officer’s decision and order. Mandamus is the traditional common-law remedy to compel an administrative agency or officer to perform duties enjoined upon them by law (see, generally, Matter of Hamptons Hosp. & Med. Center v Moore, 52 NY2d 88; Matter of Lisa v Board of Elections, 83 AD2d 949). These respondents have enjoined upon them by law the ministerial function of correcting petitioner’s assessment on the tax roll so as to comply with the hearing officer’s decision and order, and refunding the excess tax previously collected. This court now directs them to do so.
The petition for a judgment directing the respondents to comply with the decision and order of the hearing officer dated October 21,1983 by reducing petitioner’s assessment to $5,900 for the 1983 tax year and refunding to petitioner the excess taxes paid in 1983 together with his $25 filing fee will be granted, with costs to petitioner. The motion of respondents for an order permitting them to commence a third-party proceeding against Vincent G. Sheridan will be denied, without costs.