## Welde v New York City Dept. of Envtl. Protection

2024 NY Slip Op 30024(U)

January 5, 2024

Supreme Court, New York County

Docket Number: Index No. 154338/2023

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. SABRINA KRAUS**

*Justice*

-------------------------------------------------------------------------X

ERNEST LOGAN WELDE,

Plaintiff,

- v -

NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION,

Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| PART | 57TR |
| INDEX NO. | 154338/2023 |
| MOTION DATE | 10/24/2023, 10/31/2023 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25

were read on this motion to/for        ARTICLE 78 (BODY OR OFFICER)   .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 26, 27, 28, 29, 30, 31, 32, 33, 34

were read on this motion to/for        JUDGMENT - DEFAULT   .

## BACKGROUND

Section 24-163(a) of the Administrative Code of the City of New York ("Administrative Code") prohibits the idling of vehicles, with limited exceptions, for more than three minutes. Under Administrative Code § 24-182(a), any natural person ("Citizen Reporter") may serve a complaint on DEP alleging that a person has violated Administrative Code § 24-163 by allowing a bus or truck to idle for more than three minutes. Such a complaint must be served upon DEP "together with evidence of such violation." Administrative Code § 24-182(a).

Petitioner has submitted approximately 9,799 citizen idling complains to DEP – 3,642 of those complaints were submitted in 2023 alone. In the instant proceeding, Petitioner is challenging the denial of nearly 400 idling complaints submitted to DEP since the end of 2022.

**154338/2023 WELDE, ERNEST LOGAN vs. NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION**
**Motion No. 001 002**

**Page 1 of 7**

1 of 7

Respondent cross-moves for dismissal pursuant to CPLR §§ 3211(a)(5), (a)(2), (a)(7), on the grounds that Petitioner's claims are time-barred, the Court lacks subject matter jurisdiction, and the petition fails to state a cause of action.

For the reasons set forth below, the petition is denied, Petitioner's motion for a default judgment is denied and the cross-motion to dismiss is granted.

## DISCUSSION

### *254 of Petitioner's Challenged Complaints are Time-Barred*

A proceeding brought pursuant to Article 78 of the CPLR "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner or the person whom he represents in law or in fact…." CPLR § 217(1).

Any challenges to the final determinations issued by DEP prior to January 12, 2023, are time-barred by the four-month statute of limitations for Article 78 proceedings. Of the nearly 400 complaints challenged in the instant proceeding, 254 of them had final determinations issued before January 12, 2023, and are time-barred.

The time barred complaints and the final determinations for same are listed in NYSCEF Doc #s 16, 17, 18, and 189. The petition is dismissed as to said claims.

### *Complaints Reconsidered by DEP*

DEP has reconsidered the complaint numbers 2023-56577; 2023- 33133; 2023-50412; and 2023-48840 and has either issued the violation or will allow Petitioner to pursue the violation. The primary relief sought against Respondent for these complaints was for DEP to reverse its determination to deny those complaints. Here, DEP has reconsidered these four complaints and reversed its decision.

**154338/2023  WELDE, ERNEST LOGAN vs. NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION**
**Motion No.  001 002**

**Page 2 of 7**

2 of 7

As Petitioner was granted this portion of the relief requested for, Petitioner's claim is not justiciable and is moot, and the Petition is dismissed as to said claims.

### Remaining Challenged Denials

Of the remaining 100 complaints Petitioner seeks to challenge, DEP's denials were based on one of two grounds; 1) the vehicle did not have commercial plates and, thus, did not qualify as a commercial vehicle eligible for a violation under RCNY, or 2) the complaint was duplicative of another complaint submitted the same day for the same vehicle at the same location.

To the extent that the Petition appears to seek relief in the form of mandamus to compel DEP to pursue, or allow Petitioner to pursue, specific complaints, Petitioner is not entitled to such relief. Mandamus is an extraordinary remedy used to compel performance by an administrative body or officer of a duty positively required by law. *See Hamptons Hosp. & Med. Ctr., Inc. v. Moore*, 52 N.Y.2d 88 (1981); *Gimprich v. Bd. of Educ.*, 306 N.Y. 401 (1954). However, the mandamus remedy is available only where there is a clear and absolute right to the relief sought, and the body or officer whose duty it is to enforce such right has refused to perform such duty. *See Brusco v. Braun*, 84 N.Y.2d 674, 678 (1994); *County of Fulton v. State of New York*, 76 N.Y.2d 675, 678 (1990); *Lisa v. Bd. of Educ.*, 83 A.D.2d 949 (2d Dept. 1981).

Petitioner is not entitled to an order that DEP allow him to self-prosecute the complaints. DEP notified Petitioner that the complaints were denied because another citizen already submitted a complaint, and that only one violation would be issued per occurrence per day and location for all vehicles.

Under Administrative Code § 24-178(a)(3)(ii), a penalty can be imposed once per day per violation of Administrative Code § 24-163(a). DEP has interpreted, and OATH has held, that, when read in conjunction, Administrative Code §§ 24-163(a) and 24-178(a)(3)(ii) only allow

**154338/2023 WELDE, ERNEST LOGAN vs. NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION**
**Motion No. 001 002**

**Page 3 of 7**

3 of 7

[* 3]

OATH to impose one penalty per day for each idling violation that involves a single vehicle idling on the same block. Therefore, DEP will only accept one complaint per day for each violation of Administrative Code § 24-163(a) involving the same vehicle idling on the same block on the same day. DEP's policy in this regard is rational as accepting multiple complaints for idling violations that would be dismissed as "duplicate" would waste administrative resources.

Additionally, it was rational for DEP not to allow issuance of said complaints for vehicles which did not have commercial plates. The Court gives deference to DEP's interpretation of the definition of "truck", "on duty" emergency vehicle, and Administrative Code §§ 24-163(a) and 24-178(a)(3)(ii), because the agency's interpretations are reasonable and rational and based on special competence DEP has developed in its administration of these sections of the Administrative Code.

The DEP Commissioner has the authority to make policy determinations in the administration of the agency's duties. Title 24 of the Administrative Code § 24-105(a) states in relevant part, "The commissioner may adopt such rules, regulations and procedures as may be necessary to effectuate the purposes of this chapter, including rules, regulations and procedures [] …"

Enforcement of the idling restrictions is done in conjunction with other City agencies. Administrative Code § 24-163(b) and (e) task the New York City Department of Transportation ("DOT"), the New York City Police Department, the New York City Department of Sanitation, and the New York City Department of Parks and Recreation with enforcement responsibilities regarding the idling restrictions.

**154338/2023   WELDE, ERNEST LOGAN vs. NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION**
**Motion No.  001 002**

**Page 4 of 7**

4 of 7

Pursuant to the Vehicle and Traffic Law, City agencies can further define and regulate vehicles within the City. DOT promulgated rules in Title 24 of the Rules of the City of New York § 4-0,1 defining particular words and phrases related to idling and commercial activities.

The New York City Department of Transportation's regulations are codified in the Rules of the City of New York. Title 34 RCNY § 4-01(a) states, "[] Whenever any words and phrases used in these rules are not defined herein but are defined in Article 1 of the New York State Vehicle and Traffic Law, any such definition shall be deemed to apply to such words and phrases used herein."

DEP's use of DOT's definition of "truck" as a vehicle with commercial plates as a basis for issuing idling violations pursuant to Administrative Code § 163(a) was rational. DEP has a rational basis to use the definitions of sister-agency DOT for "truck" in lieu of the state law because it is the less ambiguous definition of "truck" and is permissible by law. See, VTL § 1642. Furthermore, consistency of language for the purposes of enforcement between City agencies is an essential element in working to ensure predictable application of the City's rules and regulations for administrative determinations.

DEP's rejection of a complaint regarding an emergency medical services ("EMS") vehicle was also reasonable and rational. EMS ambulances therefore are essentially the "offices" of the EMTs and paramedics who must listen to their radios in their trucks for dispatch information. Moreover, the trucks contain a plethora of medications that must be kept at constant temperatures and the ambulances are specifically equipped to store them accordingly. In other words, EMS vehicles that are idling while on duty, awaiting a call, are, in fact, maintaining their readiness to respond to a call. Thus, DEP's decision to use the DOT definition of "truck", and

**154338/2023   WELDE, ERNEST LOGAN vs. NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION**
**Motion No.  001 002**

**Page 5 of 7**

5 of 7

[* 5]

therefore only issuing violations for vehicles with commercial plates, as well as reject a complaint for an EMS vehicle, was a rational application of statutory interpretation.

In deciding whether an agency's determination was arbitrary, capricious, or an abuse of discretion, courts do not review the facts de novo to arrive at an independent determination. *Marsh v. Hanley*, 50 A.D.2d 687, 687 (3d Dept. 1975); *see also Heintz*, 80 N.Y.2d at 1001. The reviewing court "may not substitute its own judgment of the evidence for that of the administrative agency but should review the whole record to determine whether there exists a rational basis to support the findings upon which the agency's determination is predicated." *Purdy v. Kriesberg*, 47 N.Y.2d 354, 358 (1979). A rational or reasonable basis for an administrative agency determination exists if there is evidence in the record to support its conclusion. *See Sewell v. New York*, 182 A.D.2d 469, 473 (1st Dept. 1992). As such, "[i]f the determination is rational, it must be upheld, even though the court, if viewing the case in the first instance, might have reached a different conclusion." *Sullivan County Harness Racing*, 30 N.Y.2d at 278. Unless the reviewing court finds that the agency acted in excess of its jurisdiction, in violation of a lawful procedure, arbitrarily, or in abuse of its discretion, the court has no alternative but to confirm the agency's decision. *See Pell*, 34 N.Y.2d at 231.

Finally, Petitioner's motion for a default judgment is denied for the reasons stated above and because Respondent submitted responsive papers to Petitioner's Verified Amended Petition on October 20, 2023 when it filed its cross-motion to dismiss the Verified Amended Petition. Petitioner has no basis for his motion for a default judgment.

WHEREFORE it is hereby:

ADJUDGED that the motion to dismiss the petition is granted and the petition is dismissed; and it is further

**154338/2023  WELDE, ERNEST LOGAN vs. NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION**
**Motion No. 001 002**

Page 6 of 7

6 of 7

ORDERED that the motion for a default judgment is denied; and it is further

ORDERED that any relief not expressly addressed has nonetheless been considered and is hereby denied; and it is further

ORDERED that, within 20 days from entry of this order, Respondent shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);]; and it is further

This constitutes the decision and order of this court.

|  |  |
|---|---|
| **1/5/2024**<br>**DATE** | **SABRINA KRAUS, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154338/2023   WELDE, ERNEST LOGAN vs. NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION**
**Motion No.  001 002**

Page 7 of 7

7 of 7

[* 7]