Daniel G. Albert, J.
The issue presented herein for determination is the constitutionality of section 51 of the Election Law of the State of New York which provides inter alia that the respective chairmen of the county committees of each of the two political parties which at the last general election cast the highest and next highest number of votes for Governor file a certificate with the board of supervisors, each of which certificates shall certify the name of a person to be appointed a commissioner of elections.
Plaintiffs allege that they are residents of Nassau County who are registered voters and are enrolled members of the Democratic Party. They allege that the aforesaid statute is unconstitutional in that section 31 of the Election Law, unlike section 51 which is applicable to Nassau County, provides that a majority of the county committee select the person to be recommended to the appropriate governing body to be appointed a commissioner of elections. Under either statute, however, the power to appoint the commissioners of elections reposes with the governing body, which in this case is the Board of Supervisors of Nassau County.
On oral argument of the within matter, plaintiffs withdrew their opposition to Stanley Harwood’s application which was before the court for permission to intervene herein as a party defendant, and the court granted Harwood leave to intervene. *844 Said defendant is the duly elected chairman of the Nassau Democratic County Committee and moves pursuant to CPLR 3211 to dismiss the complaint on multiple grounds.
The threshold question is plaintiffs’ very standing to bring this suit. As noted above, plaintiffs are registered voters enrolled in the Democratic Party and are not Democratic county committee members. Plaintiffs allege that they are aggrieved because their duly elected county committee members are not able to participate in the choosing of the commissioner of elections, whereas pursuant to section 31 of the Election Law such committee members throughout the State (other than in Nassau, Suffolk and Monroe Counties) participate directly in said selection. However, plaintiffs’ county committee members do participate in the election of the county chairman, who, pursuant to the statute in question, chooses the person to be certified to the board of supervisors.
Under the most liberal concept of the principle of standing, it is difficult to determine what legally protectible interest plaintiffs possess in the outcome of this case. Viewed in the light most favorable to plaintiffs, their legal standing to sue is at best tenuous. The court, however, is mindful of the expansive concept of standing in other settings as that doctrine has been interpreted by the Court of Appeals in recent cases (see, e.g., Boryszewski v Brydges, 37 NY2d 361; Matter of Douglaston Civic Assn. v Galvin, 36 NY2d 1; Matter of National Organization for Women v State Div. of Human Rights, 34 NY2d 416) and the court is most reluctant to dismiss the complaint solely on that ground.
Assuming this action to be a proper one for a declaratory judgment, that is, that plaintiffs have standing, the court declares that section 51 of the Election Law is in all respects constitutional.
The gravamen of plaintiffs’ complaint is that plaintiffs are in an unequal position with other Democratic voters throughout the State, Suffolk and Monroe Counties excepted, whose elected county committee members participate in the selection of the commissioner of elections. The Legislature in its wisdom has provided the machinery whereby commissioners of elections are chosen throughout the State. The fact that in Nassau County, pursuant to section 51, the manner of selection is slightly at variance with methods elsewhere does not, in the court’s view, render section 51 constitutionally offensive.
*845 The law is well settled that legislative enactments are presumptively valid (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150; Lincoln Bldg. Assoc. v Barr, 1 NY2d 413; Defiance Milk Prods. Co. v Du Mond, 309 NY 537; Matter of Ahern v South Buffalo Ry. Co., 303 NY 545, affd 344 US 367) and courts of original jurisdiction should not set aside a statute as unconstitutional unless that conclusion is inescapable (People v Elkin, 196 Misc 188; Bohling v Corsi, 204 Misc 778, affd 306 NY 815). If plaintiffs are aggrieved by the manner in which the county chairman selects the person to be recommended to the board of supervisors, there are ample means at plaintiffs’ disposal through party rules and machinery to bring pressure to bear on the county chairman to conform to the wishes of the majority, even to the point of removing him as chairman if his actions do not meet with the approval of a majority of the county committee. Surely the Legislature in its wisdom took this into consideration when enacting section 51, and the court can find no deprivation of plaintiffs’ constitutional rights by the county chairman, acting under existing statutory laws, recommending the person to be appointed to the board of supervisors, without first having to seek the approval of the majority of the county committee, which numbers well over 1,000 members.
Accordingly, judgment is rendered in favor of defendants declaring that section 51 of the Election Law of the State of New York is constitutional.