(February 26, 1991)

In the Matter of JOHN W. MATTHEWS, Appellant, v BENJAMIN L. ZWIRN et al., Respondents.—In a proceeding, *inter alia,* to compel the respondents to confirm the appointment of the petitioner as Democratic Commissioner of the Nassau County Board of Elections, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McGinity, J.), entered February 22, 1991, which denied the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

On or about November 29, 1990, the petitioner Matthews, the Chair of the Nassau County Democratic County Committee, filed with the Clerk of the Nassau County Board of Supervisors a certificate recommending himself for appointment as the Democratic Commissioner of the Nassau County Board of Elections. On January 28, 1991, the Board of Supervisors considered the recommendation and, in effect, rejected it when the two Democratic Supervisors split their vote and the four Republican Supervisors abstained. Immediately thereafter, Supervisor Zwirn, a Democrat, tried to appoint his own nominee, William T. Biamonte, but he was ruled out of order. On January 30, 1991, the petitioner filed a second certificate with the Clerk of the Board of Supervisors, again recommending himself for appointment. This certificate, as well as a second attempt by Zwirn to appoint Biamonte, were apparently rejected by the Clerk.

On February 15, 1991, the petitioner commenced the instant proceeding, *inter alia,* to compel the respondents to confirm his appointment. The Supreme Court denied the relief requested but found that the Nassau Democratic County Committee still had until February 27, 1991, to certify an individual to the Board of Supervisors for appointment as Democratic Commissioner of the Nassau County Board of Elections. Briefly, the court found that while the petitioner, as Chair of

the Nassau Democratic County Committee had the power under Election Law § 3-502 (2) to file a certificate of recommendation, once his nominee was rejected by the Board of Supervisors the provisions of Election Law § 3-204 (4) came into play and allowed the Democratic County Committee, rather than the Chair alone, to submit a nominee to the Board. The court upheld the constitutionality of Election Law § 3-204 (4) but held that it was unnecessary to reach the other issues, since the Nassau Democratic County Committee still had an opportunity to act. We affirm.

In all but two counties in New York State, the power to recommend an Elections Commissioner lies with the County Committee, acting by majority vote (Election Law § 3-204 [2]). In Nassau County, as well as Suffolk County, this power resides in the Chair of the County Committee (Election Law § 3-502 [2]; § 3-504 [2]; *see also, Kessell v Board of Supervisors,* 87 Misc 2d 842 [which upheld the constitutionality of the distinction between Nassau County and other counties in the State]). Under both statutory provisions, the actual appointing power is in the county's legislative body. Election Law § 3-502, the provision specifically applicable to Nassau County, is silent as to what happens if the county's legislative body rejects the individual recommended by the County Committee Chair. Election Law § 3-204, on the other hand, makes detailed provisions for an impasse situation. Since Election Law § 3-502 (1) provides that all other provisions of article 3, where not inconsistent with section 3-502, shall apply to Nassau County, Election Law § 3-204 clearly applies in this case.

Pursuant to Election Law § 3-204 (4), the county legislative body has 30 days to accept or reject the party's recommendation for Elections Commissioner. If it rejects the nominee, then the individual legislators of the relevant party, here, the Democratic Supervisors, may appoint a nominee and, apparently, they have 30 days in which to act. If they, too, fail to appoint a nominee, the party may file another certificate recommending a different person for appointment as Commissioner and the process begins anew. If the party fails to timely file a certificate, the Democratic members of the Board of Supervisors are empowered to appoint any eligible person they wish.

The Supreme Court interpreted the general term "party", as used in Election Law § 3-204 (4), as meaning the Nassau Democratic County Committee and not its Chair. We agree. The special provision governing Nassau County never contemplated an appointment impasse, and the integrated scheme of

Election Law § 3-204, when viewed in light of the legislative intent to promote party choice, requires that the nominee for Elections Commissioner have the broadest possible political base.

Further, since the procedure set forth in Election Law § 3-204 (4) is being applied de novo, the Democratic County Committee may not be limited in its choice of nominees. It is free to certify to the Clerk the name of the petitioner Matthews or any other eligible person for appointment as Elections Commissioner. If the County Committee's nominee is rejected by the Board of Supervisors and its Democratic members, it may file another certificate, recommending a different person. Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.