(March 26, 1991)

■ GEORGE ISRAEL et al., Appellants, v JOHN W. MATTHEWS et al., Respondents.—In an action for a judgment declaring invalid, *inter alia,* a purported resolution of the Nassau Democratic County Committee adopted at a meeting thereof held on February 26, 1991, recommending John W. Matthews to the Nassau County Board of Supervisors for appointment to the office of Commissioner of Elections of the Nassau County Board of Elections, and to enjoin the Nassau County Board of Supervisors from appointing Matthews to that position based upon that resolution, which action was erroneously denominated a special proceeding, the appeal is from a judgment of the Supreme Court, Nassau County (Collins, J.), entered March 12, 1991, which, after a hearing, declared the resolution to be valid and otherwise dismissed the complaint.

Ordered that the judgment is modified, on the law, without costs or disbursements, by deleting the provision thereof declaring the purported resolution of the Nassau Democratic County Committee adopted on February 26, 1991, to be valid, and substituting therefor a provision declaring that the resolution of the members present at the February 26th meeting was not the valid act of the Nassau Democratic County Committee; as so modified the judgment is affirmed; and it is further,

Ordered that the temporary restraining order contained in the order to show cause signed by Presiding Justice Mangano on March 11, 1991, is vacated forthwith.

This is the second time in recent weeks that this dispute with respect to the recommendation of an individual for appointment as a Commissioner of the Nassau County Board of Elections has come before us. In a prior proceeding, the respondent John Matthews, a holdover in that position and the Chairperson of the Nassau Democratic County Committee (hereinafter the County Committee), sought to compel his appointment as a Commissioner of Elections after his recommendation pursuant to Election Law § 3-502 (2) was rejected by the Nassau County Board of Supervisors. The two Democratic Supervisors split their vote and the four Republican Supervisors abstained. In that case, we upheld the Supreme Court's determination that this rejection and the resulting

impasse brought the provisions of Election Law § 3-204 (4) into play, thus providing the County Committee with an opportunity, in its own right, to submit a recommendation of a Democrat for appointment to the position of Commissioner of Elections, be it Matthews or any other eligible person *(Matter of Matthews v Zwirn,* 170 AD2d 708). Due to the time constraints of Election Law § 3-204 (4), the County Committee was required to act almost immediately. As a result, the Policy Committee of the County Committee met on February 24, 1991, and voted to call an emergency County Committee meeting for February 26, 1991, with telephonic notice to all committee members. This action was taken in accordance with article 2, § 1 (D) (4) of the County Committee's By-Laws which provide for seven days written notice of meetings "except in emergency situations as defined by the Policy Committee".

Despite the short notice and an unexpected heavy snowstorm, the County Committee met on February 26, 1991, and the members present voted to recommend Matthews for appointment as Commissioner of Elections. The recommendation was then timely filed with the Clerk of the Board of Supervisors *(see,* Election Law § 3-204 [4]). The appeal presently before us is brought by certain members of the County Committee who challenge the actions taken at the February 26th meeting primarily on the ground that the requisite 50% specified in the the County Committee's By-Laws was not present. The Supreme Court declared the resolution recommending Matthews valid and otherwise dismissed the challenge. We modify.

Just prior to the convening of the County Committee meeting on February 26, 1991, the Policy Committee met and voted to reduce the required quorum from 50% to 25% for this emergency meeting. Clearly, the Policy Committee had no authority to do this. Under article 5 of the County Committee's By-Laws, as well as Election Law § 2-114, only the County Committee itself, acting on notice and at a meeting at which a quorum is present, may amend the By-Laws and the quorum requirement. For the same reason, the Policy Committee's action could not be ratified by vote of the County Committee convened on February 26, 1991, with less than a quorum present.

Article 2, § 1 (D) (10) of the By-Laws provides that the proceedings of the County Committee shall be conducted in accordance with the latest revised edition of Robert's Rules of Order, which posits that only four actions may be legally

taken in the absence of a quorum: (1) the body may fix the time to which to adjourn, (2) it may adjourn, (3) it may recess, or (4) it may take measures to obtain a quorum (Robert's Rules of Order Newly Revised, Quorum, § 39, at 295). The vote taken on the Matthews recommendation, without a quorum being present, was not one of these permitted actions. However, Robert's Rules of Order also provides that "[w]here an important opportunity would be lost unless acted upon immediately, the members present can, at their own risk, act in the emergency with the hope that their action will be ratified by a later meeting at which a quorum is present" (Robert's Rules of Order Newly Revised, Quorum, § 39, at 296). The County Committee's need to submit a recommendation for Commissioner of Elections by February 27, 1991 *(see,* Election Law § 3-204 [4]), the unexpected heavy snowstorm on the evening of the meeting, and the alleged actions of certain Committee members in urging other members to absent themselves from the meeting, all combined to create a situation reasonably viewed as an emergency. Moreover, a survey of the County Committee members, taken when notice of the February 26th meeting was given by telephone, assertedly revealed the members' overwhelming support for the recommendation of Matthews, a supposition later borne out in great part by the 97% approval garnered from among the 37% of the County Committee members present and voting in person or by proxy on February 26th.

The action of the members present at the February 26th meeting in adopting a resolution recommending Matthews for appointment as Commissioner of Elections was not a valid, binding act of the County Committee because less than a quorum was present. However, as an emergency measure, the resolution of the members present at the February 26th meeting served to meet the deadline for the filing of the nomination and it will become a valid resolution of the County Committee if it is subsequently ratified by that Committee at a meeting at which a quorum is present. In the absence of intervening rights *(see, Page v Asbury M. E. Church,* 78 NJ Eq 114, 78 A 246, 248), "[a]n assembly may ratify any action which it has the power to authorize in advance, in which case the ratification relates back to the date of the action ratified" *(Harker v McKissock,* 10 NJ Super 26, 76 A2d 89, 95 [opn by Judge, later Justice of US Sup Ct William J. Brennan, Jr.], *mod on other grounds* 7 NJ 323, 81 A2d 480, 485).

We note that another meeting of the Nassau Democratic

County Committee was called for March 21, 1991, to vote upon a resolution ratifying the actions taken at the February 26th meeting. On that date, a quorum was allegedly present and a ratification resolution overwhelmingly approved. We do not reach the issue of the validity of the ratification resolution since it is dehors the record.

We declare that the resolution of the members present at the February 26, 1991, meeting of the County Committee, recommending John W. Matthews to the Nassau County Board of Supervisors for appointment to the office of Commissioner of Elections of the Nassau County Board of Elections was not the valid act of the County Committee. It may, however, become the act of the County Committee, nunc pro tunc, by proper ratification.

Finally, equity should not act to enjoin the Board of Supervisors from appointing Matthews to the position of Elections Commissioner based upon the February 26th resolution since, as noted, that resolution is subject to validation. Mangano, P. J., Brown, Kunzeman, Kooper and Sullivan, JJ., concur.