■ In the Matter of JOHN W. MATTHEWS et al., Appellants, v THOMAS S. GULOTTA et al., Respondents. [603 NYS2d 534] —In a hybrid action to compel the respondents to file a certificate appointing John W. Matthews as Commissioner of Elections of Nassau County for the Democratic Party and for a judgment declaring that Election Law § 3-204 is not in force unless within 60 days of the filing of the nominating certificate, the respondents affirm a determination of an impartial Hearing Officer that Matthews is not qualified, the appeal is from a judgment of the Supreme Court, Nassau County (Goldstein, J.), dated August 11, 1993, which denied relief without prejudice to renewal.

Ordered that the judgment is affirmed, without costs or disbursements.

John W. Matthews was the chairman of the County Committee of the Nassau County Democratic Party and the incumbent Commissioner of Elections of Nassau County from the Democratic Party. On November 30, 1992, pursuant to Election Law § 3-502, Matthews nominated himself to succeed himself as the Commissioner of Elections of Nassau County from his party, for the two-year term commencing January 1, 1993. At a Board of Supervisors meeting held on June 28, 1993, Supervisors Lewis Yevoli and Benjamin L. Zwirn of the Democratic Party moved for a vote on Matthews' nomination and then voted their combined 37 votes against the nomination. The Republican Party members of the Board of Supervisors abstained. Because Matthews did not receive the statutorily-mandated 65 weighted votes, he was not appointed. The appellants then instituted this hybrid proceeding and action, asserting that Election Law § 3-204 (4) is impermissibly vague in that it does not include legal standards by which the Board of Supervisors approve as qualified, or disapprove as unqualified, the nominee of any party or the chair of a party's county committee. The appellants assert that the statute violates the Federal Constitution in that it empowers the Board of Supervisors to interfere with a party's internal affairs by allowing the Supervisors to reject the party chair's first choice and the

County Committee's first choice without a hearing as to the qualifications of those nominated. The appellants further contend that, in any event, the provisions of Election Law § 3-204 (4) are not in force because there were insufficient negative votes cast by the Supervisors to constitute an action of the Board of Supervisors. The Supreme Court found that the application for a declaratory judgment based upon the premise that there were insufficient negative votes cast "is without foundation in law and is based on faulty reasoning". We agree.

The Nassau County Charter § 105 (1), in pertinent part states, "The board of supervisors shall act only by ordinance or resolution * * * No ordinance or resolution * * * shall be passed by the board of supervisors by less than a majority of the voting strength thereof". The number of votes required for passage for matters requiring a majority of the voting strength of the Board of Supervisors is 65 (Nassau County Charter § 104 [5] [a] [3]). Matthews received 7 votes in favor of his nomination. The appellants' assertion that because the resolution putting forth Matthews' nomination did not receive the necessary 65 or more votes, the Board of Supervisors did not "act", strains logic. The import of the statutory language is that the Board, in failing to affirm Matthews' nomination, "acted" on the resolution by rejecting it. The appellants' contention that Election Law § 3-200 mandates that unless a nominee is found to be unqualified, the nominee must be appointed by the Board, is equally faulty. The provision of that statute which governs the qualifications of election commissioners reads: "4. No person shall be appointed as election commissioner or continue to hold office who is not a registered voter in the county and is not an enrolled member of the party recommending his appointment, or who holds any other public office, except that of commissioner of deeds, notary public, village officer, city or town justice, or trustee or officer of a school district outside of a city".

The statute speaks only of minimum requirements. The most rational interpretation is that unless, at a minimum, a candidate for the office of commissioner meets these requirements, he or she may not be appointed. The appellants' contention that if a candidate meets these requirements the Board may not reject his or her appointment for any other reasons, is irrational.

Thus, when Matthews' nomination failed to garner sufficient votes to pass, an impasse was created which triggered the provisions of Election Law § 3-204 (see, Matter of Matthews v

*Zwirn,* 170 AD2d 708). Under these circumstances, the County Committee is now free to file a certificate recommending Matthews or any other eligible person, and if this appointment is rejected, it may file another certificate recommending any other person for appointment *(see, Matter of Matthews v Zwirn, supra,* at 709-710). Accordingly, the Supreme Court correctly found that "the resolution before the Board of Supervisors (No. 674/1993) was considered and failed to pass" and properly denied the application to compel the respondents to file a certificate appointing Matthews.

As to the constitutionality of the current Election Law § 3-204, the appellants argue that that statute is in conflict with NY Constitution, article II, § 8. Based on this Court's findings in *Matter of Matthews v Zwirn (supra),* the Supreme Court found that, since the procedures outlined in the challenged subdivision have not yet been exhausted, the application for judgment is premature since, should the appellants exhaust the remedies under the Election Law, then the "challenge of the actions of the Board of Supervisors and of the constitutionality of the Election Law will no longer be premature and should be considered by this court". We agree with this analysis.

Accordingly, we affirm the judgment appealed from dismissing the hybrid proceeding and action, without prejudice to renewal. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.