■ In the Matter of JOHN W. MATTHEWS et al., Respondents-Appellants, v THOMAS S. GULOTTA et al., Appellants-Respondents. [616 NYS2d 60] —In a hybrid action and proceeding to compel the appellants-respondents to file a certificate appointing John W. Matthews as Commissioner of Elections of Nassau County for the Democratic Party and for a judgment declaring that Election Law § 3-204 is not in force unless within 60 days of the filing of the nominating certificate, the appellants-respondents affirm a determination of an impartial Hearing Officer that Matthews is not qualified, the appeal is from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), dated January 4, 1994, as granted the application of the petitioners to the extent of finding, among other things, that (1) the appointment of George Israel as Commissioner of Elections of Nassau County for the Democratic Party by the Democratic Supervisors on November 22, 1993, was premature and therefore void, and (2) the petitioner Matthews is a holdover Elections Commissioner pursuant to Public Officers Law § 5, and the petitioners cross-appeal, as limited by their brief, from so much of the same order as declined to reach the constitutional issues.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the petitioners' application is denied in its entirety; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements.

The petitioners commenced the instant action and proceeding on January 25, 1993. By judgment dated August 11, 1993, the Supreme Court, Nassau County, denied the petitioners relief without prejudice to renewal and further directed that "within 30 days from the date hereof the Nassau County Democratic Committee file its certificate of recommendation, pursuant to Election Law § 3-204, with the Clerk of the Board of Supervisors". The petitioners filed a notice of appeal and on September 3, 1993, i.e., 23 days after the order of the Supreme Court, this Court granted the petitioners' motion to stay the directive "pending the determination of the appeal". By decision and order dated November 8, 1993, this Court affirmed the judgment of the Supreme Court dismissing the petitioners' hybrid action and proceeding without prejudice to renewal (see, Matter of Matthews v Gulotta, 198 AD2d 280). Service of the decision and order of this Court with notice of entry was made upon the petitioners' counsel on November 12, 1993. On November 22, 1993, the Democratic members of the Nassau County Board of Supervisors, acting under the assumption that the Democratic County Committee's 30-day period to act had expired, appointed George Israel as Commissioner of Elections of Nassau County for the Democratic Party pursuant to Election Law § 3-204 (4).

The Supreme Court held that the Democratic members of the Board of Supervisors had acted prematurely on November 22, 1993, since the Nassau County Democratic Committee had until December 8, 1993, i.e., 30 days from the date of this Court's decision and order dated November 8, 1993, to act. In invalidating the action of the Democratic members of the Board of Supervisors, the Supreme Court held that "petitioner Matthews is still a holdover as Elections Commissioner pursuant to section 5 of the Public Officers Law".

On the instant appeal, the appellants-respondents argue that the stay issued by this Court on September 3, 1993, merely interrupted the running of the 30-day period at a point where seven days remained for the County Committee to act. They further contend that these seven days expired on November 15, 1993, i.e., seven days after the decision and order of this Court dated November 8, 1993, which disposed of the

appeal, and that the act of the Democratic members of the Board of Supervisors on November 22, 1993, was not premature.

We reject the Supreme Court's reasoning that the Nassau County Democratic Committee had until December 8, 1993, i.e., 30 days from the date of this Court's decision and order dated November 8, 1993, to act. If this Court had intended to grant an additional 30 days to the Nassau County Democratic Committee to act, it could easily have done so. Moreover, the mathematical computation relied on by the Supreme Court on this issue contravenes relevant statutory authority. The stay issued by this Court on September 3, 1993, did not expire until November 17, 1993, five days after service was made upon the petitioners of the decision and order of this Court dated November 8, 1993 (see, CPLR 5519 [e]). At that point, the Nassau County Democratic Committee had seven days to act, i.e., until November 24, 1993. Under this approach, the action of the Democratic members of the Board of Supervisors on November 22, 1993, was still premature. However, since the petitioners' attorney, both in his submissions and at oral argument, indicated the impossibility of convening a legally constituted meeting of the Nassau County Democratic Committee by November 24, 1993, and therefore filing a certificate of recommendation on or before that date, we find that under the peculiar circumstances of this case, the action of the Democratic members of the Board of Supervisors in appointing George Israel was not void.

As to the petitioners' constitutional arguments, in *Matter of Matthews v Zwirn* (170 AD2d 708), this Court upheld the constitutionality of Election Law § 3-204 (4). The constitutionality of this provision has also been upheld by the Appellate Division, Third Department (see, *Ryan v Albany County Democratic Comm.*, 68 AD2d 1014, *mod* 47 NY2d 963). Accordingly, we affirm so much of the order cross-appealed from as declined to find Election Law § 3-204 unconstitutional. Mangano, P. J., Sullivan, Miller, Krausman and Goldstein, JJ., concur.