In the Matter of MARION L. THOMAS, as Chairman of the Democratic County Committee of Essex County, Appellant, against WILLIS WELLS et al., Constituting the Board of Supervisors of Essex County, Respondents.

Argued April 14, 1942; decided June 4, 1942.

*Horatio W. Thomas* for appellant. Mandamus will lie to compel the performance of a power, the exercise of which lies in the discretion of the official against whom the relief is sought, if the action of such official is capricious, arbitrary or unfair or based on matters

which as a matter of law may not control such discretion. (*People ex rel. Lodes* v. *Dept. of Health,* 189 N. Y. 187; *People ex rel. Empire City Trotting Club* v. *State Racing Comm.,* 190 N. Y. 31; *Matter of Larkin* v. *Schwab,* 242 N. Y. 330; *Matter of Schwab* v. *McElligott,* 282 N. Y. 182.) The Board of Supervisors may not appoint a Commissioner of Elections not recommended by the County Committee. (*Matter of Kane* v. *Gaynor,* 144 App. Div. 196; 202 N. Y. 615.)

B. *Gregory Brewster* for respondents. The petitioner-appellant is not entitled to that relief sought in so far as he seeks the relief formerly denominated as " certiorari." (*Matter of Fahey* v. *Wright,* 256 App. Div. 474.) An order or writ of certiorari will not lie to review the acts of the Board of Supervisors in the present case. (*People* v. *Board of Health of the City of New York,* 33 Barb. 344; *People ex rel. Schuylerville & U. H. R. R. Co.* v. *Betts,* 55 N. Y. 600; *People ex rel. Corwin* v. *Walter,* 68 N. Y. 403; *People ex rel. Republican and Journal Co.* v. *Wiggins,* 199 N. Y. 382; *People ex rel. Hayes* v. *Waldo,* 212 N. Y. 156; *People ex rel. Second Ave. R. R. Co.* v. *Board of Commissioners,* 97 N. Y. 37; *Matter of Long Island R. R. Co.* v. *Hylan,* 240 N. Y. 199; *Matter of Leverant,* 110 App. Div. 371; *People ex rel. Joline* v. *Willcox,* 129 App. Div. 267; *Matter of Carp,* 179 App. Div. 387; 221 N. Y. 643.)

LOUGHRAN, J. Pursuant to section 31 of the Election Law (Cons. Laws, ch. 17) and to a resolution of the County Committee of the Democratic Party for the County of Essex, the chairman of that committee recommended James M. Lonergan to the Board of Supervisors of the county for appointment as a Commissioner of Elections in place of Richard F. Hayes whose term of office was about to expire. A committee of the Board made the following report in respect of Mr. Lonergan's qualifications: " It is the unanimous opinion of this committee that he will fulfill the duties of this office with credit to the office and the county and we earnestly urge and recommend his immediate appointment." Nevertheless a motion that the Board appoint Mr. Longeran an Election Commissioner was lost by a vote of eleven to five. The chairman of the County Committee of the Democratic Party then brought this proceeding to compel the Board to appoint Mr. Lonergan to the office.

The petition states the foregoing facts and further alleges that " the refusal of said Board of Supervisors to appoint the said James M. Lonergan as Democratic Commissioner of Elections of Essex County was capricious, arbitrary and unjust in that it was the intent of said Board of Supervisors not to determine, justly and fairly and impartially, whether or not said James M. Lonergan was a fit, proper, and qualified person to represent the Democratic Party as a member of the Board of Elections but to arbitrarily refuse said appointment for the sole purpose of preventing any appointment other than the appointment of said Richard F. Hayes to the office of Democratic member of the Board of Elections." An application by the Board for an order dismissing the petition for insufficiency in law was denied at Special Term and granted at the Appellate Division. The chairman of the County Committee of the Democratic Party has now brought the case here.

The statute gave to that committee merely the right to " make and file * * * with the board of supervisors of such county a certificate * * * which * * * shall certify the name of a person who is ' *. * * a resident and qualified voter of the county, and who is recommended as a fit and proper person to be appointed a commissioner of elections." The certification of the name of Mr. Lonergan thereunder was thus a nomination for the office in question but nothing more. The refusal of the Board to follow this recommendation was competent governmental action which did not affect any private right. Courts are not at liberty to sit in judgment upon an imputation that improper motives may have influenced an exercise of such a discretionary sovereign power (See the cases cited in *Matter of City of New York* [*Ely Avenue*], 217 N. Y. 45, 59. Cf. *Weston* v. *City of Syracuse*, 158 N. Y. 274.) Under the circumstances, we have no function but to point out the command of the Constitution of the State that Boards of Supervisors are to secure bi-partisan Commissions of Elections in the manner prescribed by the statute. (Const. art. II, § 8. See *Matter of Kane* v. *Gaynor*, 144 App. Div. 196, at pp. 206, 207; 202 N. Y. 615.)

The order should be affirmed, without costs.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order affirmed.