Harry E. Schirick, J.
The petitioner is the duly elected chairman of the Albany County Republican Committee. He has brought this proceeding pursuant to article 78 of the Civil Practice Act to compel the Board of Supervisors to file his certificate recommending the appointment of one William Q-. Van Cott II as Commissioner of Elections. He also asks for “ such other and further relief as to the Court may seem just and proper in the premises.”
Respondent has raised certain procedural objections and these should first be determined.
It objects to the service and consideration by this court of petitioner’s reply and affidavit accompanying such reply. Sec *162 tion 1292 of the Civil Practice Act directs that these be served on or before the return day. Such section must be read, however, in connection with section 98 which provides as follows: “ Except as otherwise expressly provided by statute, the court or a judge shall have power after the commencement of an action or special proceeding to enlarge the time appointed by statute or rules, or fixed by any order enlarging time, for doing any act or taking any proceeding, upon such terms as the justice of the case may require, and any such enlargement may be ordered upon good cause shown although the application for the same is not made until after the expiration of the time appointed or allowed.”
This proceeding is a matter of considerable public importance. Complete pleadings should be available both to this court and to the higher courts in the event of appeal. The reply and accompanying affidavit are accordingly received. In view of its conclusion upon the merits, the court discerns no prejudice to respondent by reason of the receipt thereof, nor any purpose to be served by permitting reargument as requested by respondent.
Now as to the merits:
On July 10, 1959 Frank C. Boardman resigned his office as Commissioner of Elections. The Republican County Committee thereupon met on July 27 and adopted a resolution recommending William G. Van Cott II to succeed him. On July 30 a certificate in due form was executed by the petitioner as chairman of such committee. This was personally delivered to the clerk of the Board of Supervisors and was filed by him. It was presented to the Board of Supervisors at its meeting held on August 10, 1959 and the following proceedings were thereupon had:
‘ ‘ Supervisor Manning:
‘ ‘ Mr. Chairman, I have something to say on this particular communication. On July 30, 1959, Charles C. Curlette, Chairman of the County Republican Committee refused to sign a waiver and testify before the Grand Jury and therefore I would like to ask you if you recall the fact that he refused to testify.
‘ ‘ Mr. Powers: Yes, I do recall that Mr. Curlette refused to sign a waiver to appear before the Grand Jury as Chairman of the Albany County Republican committee.
“ Mr. Manning: In view of this, Mr. Chairman, I request that you ask the County Attorney for an opinion in respect to Mr. Curlette’s refusal to testify.
11 Mr. Pennock: Mr. Pennock then read section 22 of the Election Law and discussed the law and Mr. Curlette’s position. In *163 view of this, it is the opinion of the County Attorney that Mr. Curlette has forfeited his position as Chairman of the Republican party under section 22 of the Election Law and therefore, this communication and designation of Mr. William G. Van Cott II cannot be acted upon.
‘ ‘ Mr. Manning: I move the recommendation be tabled. Seconded by Mr. Hughes.
“ No objection voiced by any of the members of the Board of Supervisors present.
‘‘ Mr. Powers: In view of this, I so rule that the matter of the appointment of Mr. William G. Van Cott II as Republican member of the Board of Elections be tabled.”
The certificate having unquestionably been filed, no court order is required in this regard. The question remaining is what ‘ ‘ other and further relief ’ ’ should be granted.
This court may not and will not control the legislative functions of the Board of Supervisors. Where the power of decision is conferred upon a legislative body the judiciary cannot interfere (Bacon v. Miller, 247 N. Y. 311 [1928]; Commission of Public Charities of Hudson v. Wortman, 255 App. Div. 241 [3d Dept., 1938], affd. 279 N. Y. 711).
The proceedings hereinabove quoted make it clear, however, that there has been no exercise by the Board of Supervisors of the discretionary powers conferred upon it. Its decision was not to reject the nomination, as it had unquestionable right to do (Matter of Thomas v. Wells, 288 N. Y. 155; Matter of Kane v. Gaynor, 144 App. Div. 196, affd. 202 N. Y. 615). Nor, by tabling the matter, did it purport merely to delay decision pending further study. Its action constituted in effect a refusal to take any action upon the recommendation. In this the board violated the statutory duty imposed upon it by sections 30 and 31 of the Election Law.
Respondent’s error, as the court sees it, is that it has assumed the prerogative of determining that the petitioner has forfeited his office. Neither the board, upon the presentation of petitioner’s certificate, nor this court, in the present proceeding, may make such determination. Petitioner is a duly elected official and holds office under color of right. His continuance in office is not subject to collateral attack but must be tried in a proceeding in the nature of quo warranto. (Matter of Carp, 179 App. Div. 387, affd. 221 N. Y. 643; Nichols v. MacLean, 101 N. Y. 526; Greene v. Knox, 175 N. Y. 432.)
Only upon such proceeding may the facts be determined as to what actually occurred when the petitioner was called to *164 testify before the Grand Jury. Only thus may the legal effect of such occurrence be adjudicated.
The general election is fast approaching and the public interest requires that the vacancy in the Board of Elections be filled. The respondent is therefore directed to reconvene at an early date to take action either accepting or rejecting the recommendation which has been placed before it.