George L. Cobb, J.
In this proceeding in the nature of mandamus, the petitioner seeks an order requiring the Albany County Legislature to appoint a Board of Elections for the County of Albany and restraining the respondents, Thomas P. Donohue, Charles W. Ryan and Edward G. Dillon from acting as Commissioners of Elections and restraining the respondent, Eugene P. Devine, Albany County Treasurer, from paying any claims of the said Commissioners of Elections or disbursing any moneys upon their order.
Prom the petition, answer and exhibits herein, it appears that William O. Marrón and Edward G. Dillon, both enrolled Republicans, were duly appointed Commissioners of Elections of Albany County for the calendar years of 1967 and 1968. On December 26,1968 the petitioner delivered to the Albany County Legislature a certificate, pursuant to section 31 of the Election Law, certifying Howard Alpert and George Scaringe, both enrolled Republicans, to be fit and proper persons to be appointed as Commissioners of Elections for the calendar years of 1969 and 1970. A resolution was offered at the meeting of the Albany County Legislature held on December 30, 1968 calling for the appointment of Mr. Alpert and Mr. Scaringe as *1059 Commissioners of Elections. This resolution was referred by the chairman of the Albany County Legislature to the county officers’ committee. On January 1, 1969 such resolution was voted upon and rejected. No further action has been taken by the County Legislature in respect to the petitioner’s recommendation, nor have any appointments been made by the County Legislature to fill the vacancies created by the expiration of the terms of office of Mr. Marrón and Mr. Dillon. The petitioner has not made any further recommendations to the County Legislature.
Mr. Marrón, by a letter dated January 11, 1969 directed to the Clerk of the Albany County Legislature, resigned as a Commissioner of Elections, effective January 16, 1969. Mr. Dillon, by a letter dated January 3, 1969, directed to the Clerk of the Albany County Legislature, submitted his resignation as a Commissioner of Elections “ to take effect upon the appointment of my successor ”. It appears that Mr. Dillon is still acting as an Election Commissioner, and is being paid his salary by the respondent County Treasurer.
Thomas F. Donohue and Charles W. Ryan, both enrolled Democrats, Commissioners of Elections for 1967 and 1968, were reappointed for the years 1969 and 1970 by a resolution of the County Legislature adopted on August 12, 1968.
As grounds for the relief sought herein, the petitioner contends that the Albany County Legislature acted arbitrarily and capriciously in faffing to appoint Mr. Alpert and Mr. Scaringe as Election Commissioners and that the Albany County Board of Elections is not legally constituted in that the appointments of Mr. Donohue and Mr. Ryan are invalid and that Mr. Dillon is not a holdover Election Commissioner under the provisions of section 5 of the Public Officers Law.
Under the circumstances presented here, mandamus does not lie to compel the Albany County Legislature to appoint Commissioners of Elections. (Matter of Ahern v. Board of Supervisors, 7 A D 2d 538, affd. 6 N Y 2d 376; Matter of Thomas v. Wells, 288 N. Y. 155; Matter of Kane v. Gaynor, 144 App. Div. 196, affd. 202 N. Y. 615.)
In Matter of Thomas v. Wells (supra) the chairman of the Democratic Party recommended one James M. Lonergan to the Board of Supervisors for appointment as a Commissioner of Elections in place of one Richard F. Hayes. A resolution of the board to appoint Mr. Lonergan a Commissioner of Elections was defeated. The chairman of the Democratic County Committee then brought a proceeding to compel the Board of Supervisors to appoint Mr. Lonergan to the office. The Court *1060 of Appeals, in holding that the petition was properly dismissed, stated (p. 157): “ The statute [section 31 of the Election Law] gave to that committee merely the right to ‘ make and file * * * with the board of supervisors of such county a certificate * * * which * * * shall certify the name of a person who is * * * a resident and qualified voter of the county, and who is recommended as a fit and proper person to be appointed a commissioner of elections. ’ The certification of the name of Mr. Lonergan thereunder was thus a nomination for the office in question but nothing more. The refusal of the Board to follow this recommendation was competent governmental action which did not affect any private right. Courts are not at liberty to sit in judgment upon an imputation that improper motives may have influenced an exercise of such a discretionary sovereign power (see the cases cited in Matter of City of New York [Ely Avenue], 217 N. Y. 45, 59. Cf. Weston v. City of Syracuse, 158 N. Y. 274.) Under the circumstances, we have no function but to point out the command of the Constitution of the State that Boards of Supervisors are to secure bi-partisan Commissions of Elections in the manner prescribed by the statute.”
In Matter of Kane v. Gaynor (supra), which was affirmed in the Court of Appeals on the concurring opinion of Mr. Justice Burr, it was held that mandamus would not lie to compel the Mayor of the City of New York to appoint, under a statute similar to section 31 of the Election Law, a person certified and recommended for the office of Commissioner of Elections by the chairman of the Democratic Committee of Kings County. In the instant case it is noteworthy to quote from Mr. Justice Burr’s opinion (pp 206-207): 11 The county committee in effect signifies to the mayor that it will approve of his appointment of a designated person. He may not choose to make such appointment. Upon being advised of the fact, the committee must continue to propose the names of individuals who will be approved by it until one is proposed which the mayor is satisfied to appoint. There is no force in the suggestion that this may lead to a vacancy in the office. Self-interest would require the county committee to use its best endeavors to propose an acceptable person. It is impossible to conceive of a situation where the mayor of a great city could not, with full sense of his own responsibility as the appointing power, find from some of the persons thus designated one who possessed the requisite qualifications for the office as he viewed them.”
In respect to the contention that the Board of Elections is not legally constituted, the petitioner points out that the reso *1061 lution appointing Mr. Donohue and Mr. Ryan merely recites that they were “ designated ” hy Daniel P. O’Connell, chairman of the county committee of the Democratic Party of the County of Albany, as Commissioners of Elections. The petitioner claims that the appointing resolution is improper and invalid because it fails to state that Mr. Donohue and Mr. Ryan were “ in the opinion of the majority ” of the Albany County Democratic Committee, “ pursuant to resolution duly adopted ” fit and proper persons to be appointed, as required by section 31 of the Election Law. From the exhibits submitted on behalf of the respondents, it appears that Daniel P. O’Connell, the chairman of the Albany County Democratic Committee, certified, under certificates dated June 27, 1968 that1 ‘ in the opinion of the majority of said committee, pursuant to resolution duly adopted” Thomas F. Donohue and Charles W. Ryan were fit and proper persons to be appointed as Commissioners of Elections. Such certificates were filed with the Albany County Legislature and were in compliance with the form of certificate as set forth in section 31 of the Election Law.
In respect to Mr. Dillon, it is the petitioner’s contention that Mr. Dillon’s resignation became effective 30 days from the date of its delivery by reason of the provisions of subdivision 2 of section 31 of the Public Officers Law, which provides: “ Every resignation shall be in writing addressed to the officer or body to whom it is made. If no effective date is specified in such resignation, it shall take effect upon delivery to or filing with the proper officer or body. If an effective date is specified in such resignation, it shall take effect upon the date specified, provided however, that in no event shall the effective date of such resignation be more than thirty days subsequent to the date of its delivery or filing. If such resignation specifies an effective date that is more than thirty days subsequent to the date of its delivery or filing, such resignation shall take effect upon the expiration of thirty days from the date of its delivery or filing.”
The petition does not state whether Mr. Dillon’s resignation was filed with the Albany County Clerk, as required by section 31 (subd. 1, par. f) of the Public Officers Law. In any event, under the circumstances disclosed, the proper remedy for a determination of the challenges to the continuance in office of Mr. Donohue, Mr. Ryan and Mr. Dillon is by a proceeding in the nature of quo warranto and not by this proceeding in the nature of mandamus. (Matter of Ahern v. Board of Supervisors, 7 A D 2d 538, affd. 6 N Y 2d 376, supra; People ex rel. McLaughlin v. Board of Police Comrs., 174 N. Y. 450; *1062 Matter of Carp, 179 App. Div. 387; Executive Law, § 63-b.) While Mr. Donohue, Mr. Ryan and Mr. Dillon continue to exercise the functions of Commissioners of Elections under claim and color of right to such offices, they are, in the court’s opinion, at the least, de facto Commissioners of Elections. (See Public Officers Law, § 5.)
That portion of the petitioner’s prayer for relief in which he seeks to restrain the respondent County Treasurer from paying the salaries and expenses of Mr. Donohue and Mr. Ryan and Mr. Dillon cannot be determined in this mandamus-type proceeding. The proper remedy for such relief would be a taxpayer’s action under section 51 of the General Municipal Law. (Matter of Ahern v. Board of Supervisors, supra.) The facts alleged in the petition are not sufficient to set forth a cause of action under section 51. Accordingly, the petition is dismissed.