Roger J. Miner, J.
Plaintiff seeks a declaratory judgment and injunctive relief in a dispute involving the powers of the County Executive under the Albany County Charter.
As the result of a vacancy in the position of Director of the Albany County Rape Crisis Center, the plaintiff forwarded to the County Legislature his recommendation that one Marjorie A. Casswell be appointed to fill the vacancy. It appears that the Rape Crisis Center is a department of the county government.
Although the plaintiff’s recommendation was forwarded to the Legislature on December 22, 1976, no action was taken thereon until June 13, 1977. At that time, the Legislature adopted a resolution rejecting plaintiff’s recommendation and appointing defendant Abinader to the position. Shortly before the adoption of the resolution, plaintiff was advised of the Legislature’s proposed appointment. He immediately protested, contending that the Legislature could not make an appointment of a person whom he did not recommend. He pointed out that he had had no opportunity to examine the qualifications of the appointee proposed by the Legislature and that he desired to recommend another person, if his designee were to be rejected. The resolution was adopted in spite of plaintiff’s protest, giving rise to this action.
The dispute between the plaintiff and the defendants involves the interpretation of subdivision (k) of section 208 of the Albany County Charter, which confers upon the County Legislature the authority "to appoint heads of departments and to fill any vacancy in the position of head of any such department, upon the recommendation of the county executive”. The section goes on to provide that "should the county executive fail to make such recommendation to the county legislature within a period of twenty days from such opening, the county legislature shall make such appointment”. Here, the recommendation was made within 20 days after the vacancy occurred.
Defendants contend that, while the Legislature must receive and consider the recommendation of the County Executive, there is no requirement that the Legislature appoint only a candidate recommended by the Executive. They contend that the word "recommendation” carries the connotation of nonbinding advice and point out the contrasting provisions of the *156 United States Constitution relative to "Advice and Consent”. (US Const, art II, § 2 [2].) The defendants argue that their position is supported by the legislative history of the county charter, that the authority to interpret the charter lies with the Legislature and that the relief sought by plaintiff is not justified.
"Recommendation” is defined as "[t]he act of one person in giving to another a favorable account of the character, responsibility or skill of a third.” (Black’s Law Dictionary [4th ed], p 1436.) Obviously, one who recommends is performing an advisory function. However, in the context of the charter provision, the legislative power to appoint is dependent upon a recommendation by the plaintiff.
The operative word here is "upon” and it denotes a condition precedent and a state of dependence. (43A Words and Phrases, p 207.) "Upon” is a synonym for "on”, which is used as a function word to indicate dependence; it refers to the basis upon which an action turns or rests. (Webster’s New International Dictionary [3d ed], p 1574.) It follows that there can be no appointment of one not recommended by the Executive, the recommendation being a condition precedent upon which the appointment rests. To adopt defendants’ interpretation would be to rewrite the charter to eliminate the condition precedent and to separate the interdependent powers of recommendation and appointment. This would violate a basic tenet of statutory construction. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 94.)
The County Legislature is, of course, the final authority in appointing department heads and cannot be compelled to accept the Executive’s recommendation. (Matter of Frangella v Albany County Legislature, 59 Misc 2d 1057.) Nevertheless, the Executive must be afforded the opportunity to submit the name of another candidate where his nominee is rejected by the Legislature, since there can be no appointment of one who does not carry his recommendation. (Cf. Matter of Kane v Gaynor, 144 App Div 196, affd 202 NY 615.) Whether circumstances other than those disclosed here might justify an appointment without a recommendation is an unresolved question. (Matter of Ahern v Board of Supervisors of County of Suffolk, 7 AD2d 538, affd 6 NY2d 376.)