OPINION OF THE COURT
William J. Garry, J.
Petitioner moves for an order;
(1) Declaring Ronald James D’Angelo to be the Republican Commissioner of the Board of Elections in the City of New York from Kings County and directing the Board of Elections in the City of New York to place Ronald James D’Angelo on the pay roster of said Board of Elections as a Commissioner, and
(2) Granting such other and further relief as may to the court appear proper and appropriate.
Respondents, Vincent J. Velella, Weyman A. Carey, Ferdinand C. Marchi, Gertrude Strohm, Douglas A. Kellner, Paul Mejias, Kathleen M. Wagner, Seymour Sheldon, the City Council of the City of New York, Peter Vallone and Carlos Cuevas (hereinafter collectively referred to as Respondents), appear represented by Paul A. Crotty, Corporation Counsel, *721 and oppose such applications. Respondent, George M. Spanakos (hereinafter called Spanakos), opposes such applications. Respondent, Thomas V. Ognibene (hereinafter called Ognibene), supports such applications.[1]
This action revolves around who, at the present, is entitled to occupy the position of Republican Commissioner from Kings County to the Board of Elections for the City of New York (hereinafter called the Kings Republican Commissioner). Petitioner claims to have been appointed to the position on October 5, 1995 upon a majority vote of the Republican members of the New York City Council. Petitioner seeks an order declaring that he is the Kings Republican Commissioner. Spanakos claims to have been validly reappointed to serve as the Kings Republican Commissioner on April 21, 1993 by the unanimous vote of the New York City Council over two years prior to petitioner’s purported appointment. Spanakos further claims that his current term as Kings Republican Commissioner does not expire until December 31, 1996 and seeks to dismiss the petition. Pending the determination of petitioner’s application Spanakos has been enjoined from acting as the Kings Republican Commissioner.
In support of his application, petitioner contends that Spanakos was nothing more than a "holdover” Commissioner and that the post of Kings Republican Commissioner has been vacant since January 1, 1993 due to the failure of the Republican Party County Committee to recommend a candidate. Petitioner also contends that the only body authorized to appoint someone to the vacant post was the Republican Caucus and any vote allegedly made by the entire City Council on April 21, 1993, was invalid. Petitioner further contends that the Republican members of the City Council after a recommendation by the Republican Party County Committee have ap *722 pointed him as the Kings Republican Commissioner on October 5, 1995 entitled to serve until December 31, 1996.
In opposition to the petition, Spanakos contends that no vacancy in the post of Kings Republican Commissioner exists as he was duly appointed by the action of the City Council on April 21, 1993. Spanakos further contends that even though he never filed an oath of office pursuant to law he may still file said oath within five days after he is notified of his certificate of appointment by the City Council.[2] Spanakos raises nine affirmative defenses in his answer to the petition and contends that petitioner has failed to sustain his burden of proof.
Respondents contend that this court lacks jurisdiction under article 16 of the Election Law and that petitioner’s exclusive remedy lies within a "quo warranto” action. Respondents also contend that Spanakos was properly reappointed as the Kings Republican Commissioner and petitioners purported appointment is void without legal effect. Respondents further contend that petitioner has failed to sustain his burden of proof and the petition must therefore be dismissed. In the alternative Respondents contend that if the position of Kings Republican Commissioner is found to be vacant then the Republican Party County Committee should be given an opportunity to recommend a nominee followed by action of the full City Council.
Ognibene contends that the position of Kings Republican Commissioner was vacant as of September of 1995. Ognibene further contends that petitioner was properly appointed to the position of Kings Republican Commissioner by a majority of the Republican Caucus.
In deciding these applications the court has considered the moving papers, oral argument, memoranda of law and the credible evidence adduced at the hearings held on October 31 and November 1, 1995.
Any analysis of who is entitled to presently hold the position of Kings Republican Commissioner must begin with the alleged Election Commissioner Certification dated March 15, 1993 and filed with the Board of Elections on March 16, 1993 (hereinafter called the Certificate). Said Certificate purports to recommend Spanakos for appointment to the Office of Kings *723 Republican Commissioner of Elections for the term beginning January 1, 1993. As is relevant Election Law § 3-204 provides the procedure for the appointment of Election Commissioner. Election Law § 3-204 (2) provides a condition precedent which requires that "[p]arty recommendations for election commissioner shall be made by a majority vote of the county committee”. On its face, the Certificate relied upon by Respondents and Spanakos is defective and not in compliance with the condition precedent contained in subdivision (2). The Certificate contains a recommendation by the Executive Committee and not a recommendation by the majority vote of the County Committee. No authority exists for the Executive Committee of the Republican Party of Kings County to usurp this power from the County Committee. A reading of the Election Commissioner Certification form and the blank spaces contained therein provided by the New York State Board of Elections and relied upon by Respondents and Spanakos also support the conclusion that the County Committee of the Republican Party not the Executive Committee or subcommittee must recommend an appointee. As of April 21, 1993, there existed no valid certificate of recommendation, filed by either the chairman or secretary of the Republican County Committee, for the entire City Council to vote upon. Therefore, in the absence of compliance with the condition precedent any vote by the entire City Council was ineffective (Election Law § 3-204 [2]).
Under all these circumstances, it is clear that Spanakos was not validly reappointed to the position of Kings Republican Commissioner for the term expiring December 31,1996. Spanakos who had been validly serving in the position since November 13,1988 became merely a "holdover” Commissioner. Having determined the position of Kings Republican Commissioner to be vacant Election Law § 3-204 (5) becomes relevant.
Section 3-204 (5) reads as follows: "If at any time a vacancy occurs in the office of any election commissioner other than by expiration of term of office, such vacancy shall be filled as herein provided for the regular appointment of a commissioner except that a person who fills a vacancy shall hold such office during the remainder of the term of the commissioner in whose place he shall serve.” Since the position of Kings Republican Commissioner is vacant due to noncompliance with the law and not the expiration of a term it may be filled at any time for the remainder of the term.
At issue next is whether petitioner is now entitled to hold the position of Kings Republican Commissioner, for the *724 remainder of the term to December 31,1996 by having properly complied with required procedures outlined in Election Law § 3-204, including any condition precedents.
As is relevant, Election Law § 3-204 (1) and (3) provide that the certificate of party recommendation shall be filed with the Clerk of the City Council and "in such form and contain such information as shall be prescribed by the state board of elections”. (Election Law § 3-204 [3].)
On September 29,1995 the Chairman of the Kings County Republican Committee, Arthur Bramwell, pursuant to a majority vote of the County Committee, submitted by letter to Ognibene, petitioner’s name to the Republican members of the City Council for approval. On October 5, 1995, the Republican Caucus of the City Council purportedly appointed petitioner to the position of Kings Republican Commissioner. Thereafter, petitioner took his oath of office and Ognibene by letter advised Respondent, Carlos Cuevas, as the Clerk of the City Council, of petitioner’s purported appointment. The procedures followed on behalf of petitioner were not in compliance with Election Law § 3-204 (1) and (3). Those sections require that a certificate be filed with Respondent, Carlos Cuevas, as Clerk of the City Council, prior to any action by the City Council and contain such information and be in such form as prescribed by the State Board of Elections. Petitioner has failed to comply with the condition precedents of subdivisions (1) and (3) of Election Law § 3-204.
Petitioner and Ognibene in support of the petition rely upon the last sentence in Election Law § 3-204 (4) which reads as follows, "[i]f a party fails to file a certificate within the time prescribed by this section, the members of the legislative body who are members of such party may appoint any eligible person to such office”. Such sentence must be read in conjunction with all of Election Law § 3-204 (4) and in particular the part of subdivision (4) which precedes said line and reads as follows: "if a legislative body shall fail to appoint any person recommended by a party for appointment as a commissioner pursuant to this section, within thirty days after the filing of a certificate of recommendation with such legislative body, then the members of such legislative body who are members of the political party which filed such certificate may appoint such person. If none of the persons named in any of the certificates filed by a party are so appointed within sixty days after the filing of any such certificate, then such party may file another certificate within thirty days after the expiration of any such *725 sixty day period recommending a different person for such appointment. If a party fails to file a certificate within the time prescribed by this section, the members of the legislative body who are members of such party may appoint any eligible person to such office.”
In the instant case there has been a statement of party preference made by a majority vote of the Republican County Committee. Election Law § 2-304 (4) provides the mechanism for filling the vacancy once the procedures or conditions precedent have been complied with. To adopt petitioner’s narrow reading of the last sentence in Election Law § 2-304 (4) would allow any party to bypass legislatively enacted procedures for the appointment of Election Commissioners. Upon compliance with the procedures outlined within this decision a party recommendation should first be presented for appointment by vote of the entire City Council. Only if all of the default provisions contained within subdivision (4) of Election Law § 3-204 are met may the members of the legislative body who are members of the party which failed to file a certificate appoint any eligible person to such office. At present, petitioner is not entitled to hold the position of Kings Republican Commissioner as the Election Law has not been complied with. Next, the court must consider the status of the holdover Commissioner, Spanakos.
While petitioner is not in compliance with the Election Law so as to now hold the position of Kings Republican Commissioner, it is clear that Spanakos is no longer the choice of the majority vote of the Republican Party County Committee. Additionally, it is undisputed that Spanakos has neither taken an oath of office nor filed a certificate of appointment as required by law (Public Officers Law § 10; Election Law § 3-210; Administrative Code § 12-117). Since the Certificate is a nullity any attempt now by Spanakos to take an oath of office and file a certificate in an effort to cure his noncompliance with the law would be totally ineffective because the authority never existed to do same. To continue his status as a "holdover” Commissioner would be to disregard the vote of the Republican Electorate in Kings County. Accordingly, the status of his "holdover” Commissionership is terminated and the position of Kings Republican Commissioner is now truly vacant. Hopefully compliance with Election Law § 2-304 will be swift and the position filled as expeditiously as possible.
In deciding this application the court has considered all of the contentions of the Respondents and finds them to be without merit except as to any part that is consistent with this *726 decision. The court has considered all of the contentions of Spanakos, as well as the affirmative defenses raised in his answer, and finds them to be without merit or insufficiently proven. The court has also considered all of the contentions of petitioner and Ognibene and finds them to be without merit except as to any part that is consistent with this decision. The application for reimbursement by Ognibene is not properly before this court and will not be considered at this time.

. In this court’s experience, when the Board of Elections is a necessary and named party in a lawsuit dealing with the Election Law, Corporation Counsel has appeared on their behalf and taken no position except when a rerun of a primary election was sought by a petitioner. In this lawsuit Corporation Counsel despite apparent conflicts of interests among potential clients appeared for the Respondents and declined to represent Ognibene even though he is the Minority Leader of the City Council, because he apparently voted the wrong way in support of the petitioner. At the direction of the court, Corporation Counsel notified Ognibene of their decision not to represent him. Thereafter, Ognibene appeared represented by privately retained counsel who has asked that his client be reimbursed by Corporation Counsel for the expenses of the private representation caused by the declination of representation by Corporation Counsel.

. It is undisputed that Spanakos is not in compliance with Public Officers Law § 10 and Administrative Code of City of New York § 12-117, which require the taking and filing of an oath of office. It is also undisputed that Spanakos is not in compliance with Election Law § 3-210, which requires that the certificate of appointment of an Election Commissioner be filed in the office of the Clerk of the county where the Commissioner resides.